247 So.2d 660 (1971)
Gary Don VIDRINE, Plaintiff-Appellant,
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE CO., Defendant-Appellee.
No. 3381.
Court of Appeal of Louisiana, Third Circuit.
April 22, 1971.
Rehearing Denied May 26, 1971.
*661 J. Nilas Young, of Young & Burson, Eunice, for plaintiff-appellant.
Fruge & Foret by Jack C. Frugé, Ville Platte, for defendant-appellee.
Before HOOD, MILLER and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
An accident occurred on September 9, 1969 involving a 1968 Pontiac automobile owned by Gary Don Vidrine and allegedly insured by Southern Farm Bureau Casualty Insurance Company. As a result thereof, Mr. Vidrine sued Southern Farm Bureau Casualty Insurance Company, hereafter called defendant, under the medical payment provision of a policy of insurance which defendant had issued to him covering the above said automobile. Three other lawsuits, in each of which the plaintiff sued defendant under the liability provision of the policy, arose from the same incident and are also decided by us on this date. These are Rufus Miller, d/b/a Miller's Electric & Motor Rewinding Shop v. Southern Farm Bureau Casualty Insurance Company, La.App., 247 So.2d 664; Wilson F. Long v. Southern Farm Bureau Casualty Insurance Company, La.App., 247 So.2d 664; and John B. Lyons v. Southern Farm Bureau Casualty Insurance Company, La. App., 247 So.2d 664; Defendant filed exceptions of No Right or Cause of Action as to all plaintiffs alleging that there was no insurance by defendant in force covering the vehicle in question on September 9, 1969. All suits were consolidated for trial of the Exception and a judgment was rendered dismissing the plaintiffs' suits in each case at their costs. All plaintiffs have appealed that judgment to this court.
We begin by stating that a valid insurance policy is a contract and that like any other contract, it is the law between the parties thereto. Under the rules of interpretation of contracts, we must give legal effect to its provisions according to the true intent of the parties and that intent will be determined by a reading of the policy, when the words thereof are clear and unambiguous and lead to no absurd consequences. La.C.C. Articles 1901, 1945; Barrett v. State Farm Mutual Automobile Ins. Co., La.App., 236 So.2d 900, and cases cited therein. Further under La.R.S. 22:620, it is provided in relevant part that, * * * "Any insurer may insert in its policies any provisions or conditions required by its plan of insurance or method of operation which are not prohibited by the provisions of this Code."
The evidence and stipulations of counsel disclose that defendant did in fact issue a policy of insurance on the said automobile to Mr. Vidrine with a policy period of from February 6, 1969 to August 6, 1969, "* * * and for such terms of six calendar months each thereafter as the required renewal premium is paid by the insured on or before the expiration of the current term." Since the accident occurred on September 9, 1969, the question before us is whether *662 or not the policy was renewed after its expiration date of August 6, 1969, for a like period of six months, and not as counsel for plaintiff would have us believe, whether the proper procedures for cancellation of the policy were followed by defendant. Plaintiff Vidrine was mailed and he received a "premium notice" which stated that the amount of $95.55, representing the premium of $109.50 less a dividend due plaintiff of $13.95, was due on August 6, 1969. On the reverse side thereof it was stated that, "* * * The only way this policy can be reinstated is by the payment of the net amount shown on the reverse side." Nevertheless, on August 1, 1969, Vidrine sent defendant a check in the amount of $47.78 representing one-half of the amount requested. Defendant's agent wrote Vidrine a letter on August 12, 1969 advising him that the expiration date of his policy was August 6, 1969, that his premium in the amount of $95.55 was due on that date, and that same had not been received by the state office of defendant. Vidrine's check for $47.78 was returned by defendant accompanied by a letter dated August 21, 1969 in which it was explained that defendant's procedure does not allow the acceptance of partial payments "* * * as policies are renewable only provided the total renewal premium is paid on or before the due date." The letter continued to express the requirement that the full premium be submitted and the willingness of defendant to continue Vidrine's insurance protection.
The Tri-Parish Bank of Eunice, Louisiana was named on the policy as lienholder on the automobile. The following provision appeared on the certificate of insurance issued to the lienholder:
"NOTICE TO LIENHOLDER: In the event the policy should expire and not be renewed or is canceled for any reason, within three years from the effective date of this certificate, the lienholder named below is to be given at least ten (10) days notice before such expiration or cancellation shall become effective with respect to their (his) interest."
In accordance therewith defendant notified the Tri-Parish Bank by letter dated September 9, 1969 that the loss payable certificate attached to the policy had been cancelled due to non-payment but that in accordance with the terms of the certificate of insurance furnished to the bank, the bank's interests would be protected until September 19, 1969. Subsequently under the aforesaid provisions, defendant paid the Tri-Parish Bank the sum of $2,400.00.
On September 17, 1969, eight days after the accident, Vidrine telegrammed defendant tendering a money order in the amount of $126.85 representing the premiums due on the policy in question and also on another policy issued by defendant covering a truck owned by Vidrine, and demanded renewal of his policies. Later, by letter dated September 22, 1969 plaintiff's attorney notified defendant of the occurrence of the accident and made demand for payment of medical expenses and payment of the mortgage to Tri-Parish Bank.
Defendant wrote Vidrine on September 24, 1969 returning the draft which he had sent by telegram and advising him that his policy had expired on August 6, 1969 due to the fact that the premium was not paid on or before the date for renewal of the policy. Finally, on December 12, 1969, defendant issued a check to Vidrine in the sum of $13.95, the amount of the aforementioned dividend due him.
With regard to renewal, the policy issued to Vidrine provides in relevant part as follows:
"If the Company elects not to renew this policy, it shall mail to the insured named in item 3 of the declarations, at the address shown in this policy, written notice of such nonrenewal not less than twenty days prior to the expiration date; provided that, notwithstanding the failure of the Company to comply with the foregoing provisions of this paragraph, this policy shall terminate.
*663 1. on such expiration date, if
a) the named insured has failed to discharge when due any of his obligations in connection with the payment of premium for this policy or any installment thereof, whether payable directly to the Company or its agent or indirectly under any premium finance plan or extension of credit; or
b) the Company has by any means manifested its willingness to renew to the named insured or his representative; * * *"
La. R.S. 22:636.1, subd. D gives us the applicable state law. In relevant part it reads:
"D. No insurer shall fail to renew a policy unless it shall mail or deliver to the named insured, at the address shown in the policy, at least twenty days' advance notice of its intention not to renew. This subsection shall not apply: (1) if the insurer has manifested its willingness to renew; or (2) in case of nonpayment of premium; * * *."
Thus it can be seen that the policy provisions are not in conflict with the legislation and, therefore, they must be given full effect. Accordingly, since defendant manifested its willingness to renew by its letter dated August 21, 1969, and since the premium required for renewal was not timely paid, the policy had in fact expired on August 6, 1969 and no notice was required of the expiration. There was therefore, no policy of insurance by defendant on Vidrine's automobile at the time of the accident and the trial judge ruled correctly in dismissing the plaintiff's suit.
Appellant argues at length that the provisions of the policy as well as of La. R.S. 22:636 and 22:636.1 dealing with cancellation were not complied with by defendant. In doing so however, he ignores the fact that cancellation is not the issue here, it being a question of non-renewal. The last sentence of R.S. 22:636.1, subd. C, the subsection setting out the time requirements for the giving of notice of cancellation by the insurer, specifically provides, * * * "This subsection shall not apply to non-renewal."
He cites the case of Leger v. Lisonbee, La.App., 207 So.2d 563, in which it was held that a similar insurance policy was not automatically cancelled on its expiration date. We distinguish the Leger case since it was decided under the general cancellation statute, R.S. 22:636, and before the enactment of R.S. 22:636.1, a statute specifically aimed at the situation now before us.
Plaintiff also contends that the policy was in full force and effect at the time of the accident because defendant, as stated above, extended coverage to the lienholder bank beyond the expiration date and subsequently paid the bank for its loss. He alleges that an insurance policy may not be cancelled in part, and he cites the case of Skipper v. Federal Ins. Co., 238 La. 779, 116 So.2d 520, in support of his contention. We again point out that in the case at bar we are not dealing with a cancellation, but rather with an expiration. Thus the case cited by plaintiff which deals with cancellation, and therefore requires notice to both beneficiaries, is not apropos. In the instant case notice to Vidrine was not necessary to the termination of the policy. In extending coverage for the benefit of the bank, defendant was merely complying with the aforequoted provisions of the certificate of insurance issued to the bank. Clearly, under that provision, defendant was required to give ten days notice to the bank regardless of its obligation to the policy holder.
We conclude, therefore, that defendant was in full compliance with the terms of the policy in regard to both Vidrine and the bank, and that those terms, not being prohibited by the law of this state, were valid in every way and the law between the parties.
*664 For the foregoing reasons the judgment of the trial court is affirmed at appellant's cost in both courts.
Affirmed.