263 So.2d 884

Anthony CUCCIA

v.

ALLSTATE INSURANCE COMPANY.

Albert PORTER

v.

ALLSTATE INSURANCE COMPANY.

No. 51669.

June 15, 1972.

George H. Jones, New Orleans, for plaintiffs-applicants.

Porteous, Toledano, Hainkel & Johnson, John J. Hainkel, Jr., New Orleans, for defendant-respondent.

BARHAM, Justice.

After an automobile accident on June 22, 1968, Anthony Cuccia filed an insurance claim for personal injuries and property damage with Allstate Insurance Company under a policy that had been issued to him on October 4, 1967. He was told, however, that the policy had been cancelled on February 25, 1968, by written notice of cancellation mailed to him on February 12, 1968, at the address appearing on the policy. The insurance company further refused to defend Cuccia against the claims presented in the suit filed by Albert Porter, a driver of another car involved in the accident, and by the intervention of his insurer. This suit was then filed by Cuccia against Allstate for breach of its contractual obligation, and was consolidated with the suit filed against Cuccia and Allstate by Porter.

Allstate answered the demands presented in both suits by denying any and all liability, alleging the insurance policy covering the Cuccia automobile had been cancelled four months before the accident. A motion for summary judgment was then filed asking that Allstate be dismissed from the suits since it had complied with proper notice of cancellation. Allstate contended that it was Cuccia's fault that he had no knowledge of the cancellation due to his failure to notify the insurance company of his change of address. Various documents were attached to the motion in support of the claim that there was no policy of insurance enforceable. Judgments were rendered by the district court dismissing all claims against Allstate.

The judgments of the district court were affirmed on appeal. 250 So.2d 60. The

Court of Appeal concluded that by clear and unequivocal evidence the insurer had established that it had met the statutory requirements to effect a cancellation of the insurance policy and that since there was no genuine issue of material fact, the summary judgments would not be disturbed.

■ We must decide whether the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, * * * show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law". Art. 966, C.C.P. The following factual data derived from the record before us must be evaluated in arriving at a conclusion.

An automobile liability policy was issued by Allstate to Anthony Cuccia covering a 1967 Oldsmobile on October 4, 1967, and was to remain in effect until that same day of the following year. The address of the insured stamped on the face of the policy was "617 Darlene Ave Metairie La". Included within the policy was a loss payable clause in favor of the mortgagee, the Bank of Louisiana in New Orleans, as its interest appeared.

Sometime during the month of November, 1967, Cuccia and his family moved from Metairie to Hammond, where they reside at present. No notice was given to Allstate of the change of address, but according to Cuccia's deposition he advised the post office of the change sometime after he moved his family to Hammond. His deposition also shows that a tenant who had lived on the premises for several years remained there and continued to use the common mailbox. However, that tenant did not take care of Cuccia's mail. Cuccia stated that mail for him was forwarded to him at his Hammond address by the post office.

In discussing the details of the accident in his deposition Cuccia indicated that at some time after moving his family to Hammond, he stayed in an apartment at the Metairie house. He admitted that his business was still in New Orleans and that at the time of the accident his address on his driver's license was the Metairie address. Despite his frequent presence in the New Orleans area, his staying at the Metairie house after moving to Hammond, and his notification to the post office to have his mail forwarded, Cuccia flatly denied any knowledge of the cancellation of the policy until after the accident. From the conflicting information it is impossible to determine exactly when Cuccia and his family moved, when he notified the post office, and whether he picked up his mail at the Metairie address while he was staying at the apartment there.

Allstate argues that the failure of Cuccia to receive the notice of cancellation of his policy was due to his own fault in failing

to inform the insurance company of his change of address. Allstate further contends that after moving to Hammond Cuccia continued to use the Metairie address in his dealings with the insurance company and its agent. The following instruments are relied upon to show its compliance with the law in giving the proper notice of cancellation and the failure of Cuccia to carry out his responsibilities.

There is an endorsement representing a change in the policy in the use of the car, dated as becoming effective from the date the policy was issued, October 4, 1967, without any indication when the request for change was made. The policy number, name and address of the insured, and a description of the type of car are stamped on the face of the endorsement. A "Customer Service Request" form with the Metairie address indicates that such a change in the policy was requested by telephone by Cuccia, but the date of the request cannot be determined with any certainty.[1] In any case, these two documents which show the continued use of Cuccia's Metairie address by the insurance company do not show that Cuccia was instrumental in inducing it to use that address.

Two IBM data cards from the Allstate files with the Metairie address show that there was a cancellation notice of the Cuccia policy on November 21, 1967, and a reinstatement notice on the 29th of that month. An affidavit of the operating division supervisor for Allstate also reflects that there was a lapse of coverage from November 21 to 29, 1967. There is no explanation to whom the notice was sent, when, or if, it was sent to Cuccia, or whether this action by the insurer occurred before or after he moved from the Metairie address.

On January 8, 1968, Cuccia again telephoned his agent for another change in his policy, as shown by a "Customer Service Request" form. This request was to include an additional automobile under the policy. Written in the appropriate blank is the Metairie address. There is nothing to indicate whether Cuccia gave the agent this information or whether the agent filled in the information from his files. An endorsement dated as effective January 9, 1968, shows that the coverage of the additional car was granted, and the face of the form includes the stamped policy number, the name and the Metairie address of

---

1. There is no indication that it was requested on November 11, 1967, as contended by Allstate. The date at the top of the form reads "9/11/67", and on the bottom it is indicated that the requested change became effective on the ninth day of the tenth month of 1967. Since the policy was not effective on the former date and the request indicates that the change was to be on a policy already in effect, that date cannot be correct.

the insured, and a description of both cars. It is not established that Cuccia ever received notice that the change had been approved by an endorsement.

■ On February 25, 1968, the Cuccia policy was cancelled. As proof of that cancellation there appears in the record an affidavit from the operating manager of Allstate from Mississippi stating that the policy was cancelled for nonpayment of premiums, effective on February 25, 1968, with notice mailed February 12. There is also an affidavit of mailing from the mailroom supervisor of Allstate declaring that a cancellation notice "correctly addressed to each person or firm on the Record of Mailing list identified below" was mailed on February 12, 1968, from Atlanta, Georgia. That record of mailing list consisted of 80 pages according to the affidavit, and the page that is included with the affidavit shows Cuccia's name and the Metairie address, along with the names and addresses of 19 other persons. Finally, there is an IBM card from the Allstate files with the Metairie address which shows cancellation as of February 25, 1968.

Allstate acknowledges that it paid the claim of the mortgagee, the Bank of Louisiana in New Orleans, since notice of the cancellation of the Cuccia policy had not been mailed to the bank. The position taken is that there was an omission on the part of the insurance company, and that since notice was required to be given to the mortgagee, or any loss payee, before cancellation could be effective as to that party, the insurance company must honor the loss incurred by the bank.

The pertinent portion of the statutory law, R.S. 22:636, reads:

"A. Cancellation by the insurer of any policy which by its terms is cancellable at the option of the insurer or of any binder based on such policy, may be effected as to any interest only upon compliance with either or both of the following:

"(1) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than five days prior to the effective date of the cancellation.

"(2) Like notice must also be so delivered or mailed to each mortgagee, pledgee, or other known person shown by the policy to have an interest in any loss which may occur thereunder.

"B. The mailing of any such notice shall be effected by depositing it in a sealed envelope, directed to the addressee at his last address as known to the insurer or as shown by the insurer's records, with proper prepaid postage affixed, in a letter depository of the United States Post Office. The insurer shall retain in its records any such item so mailed, together with its envelope, which was returned by

the Post Office upon failure to find, or deliver the mailing to the addressee.

"C. The affidavit of the individual making or supervising such a mailing, shall constitute prima facie evidence of such facts of the mailing as are therein affirmed.

"* * *"[2]

It is apparent that Allstate has presented prima facie evidence in accordance with this law to show that the cancellation notice to Cuccia was mailed according to the requirements of the law. Only a rebuttable presumption has been established, however, not an absolute one. Skipper v. Federal Insurance Company, 238 La. 779, 116 So.2d 520 (1959). The particular evidence here does not change the presumption to an irrefutable position. There are many factual differences which throw doubt upon the mailing of the notice by the insurance company.

There is also one other important fact that is revealed by the record, but not acknowledged as to its significance by the litigants or the courts below. The agent for Allstate that issued this policy was Louis R. Cuccia, and from the deposition it is recognized that he is the brother of the in-

sured, Anthony Cuccia. This raises the question of whether Allstate, through its agent, had any knowledge of the change of address of the insured. See Skipper v. Federal Insurance Company, supra. Further, there is pertinent discussion about the contact between the two brothers in the deposition of the insured which shows further dealings between the agent and the insured after the date of cancellation.

The record clearly establishes that there is a material issue of fact, namely, the mailing of the notice, and that Cuccia is entitled to his day in court. Having reached this conclusion, we need not consider the very interesting question posed, whether under the wording of R.S. 22:636 notice of cancellation of insurance must be sent to both the insured and any loss payee shown on the policy before the cancellation can have effect against either.

For these reasons the judgment of the Court of Appeal affirming the judgments of the district court which maintained the motion for summary judgment and dismissed all proceedings against Allstate Insurance Company is reversed as to the dismissal of Anthony Cuccia's claims against Allstate Insurance Company, and the cases are remanded to the district court for trial.

2. The specific legislation passed in 1968, R.S. 22:636.1, providing for cancellation of automobile liability insurance policies is not applicable here.