BOLIN, Judge.
Robert T. Morton, Sr., and his wife, Thelma Rea Morton, sued Earnest Myers and his alleged insurer, American Guarantee and Liability Insurance Company, for the wrongful death of their son. American Guarantee filed a peremptory exception alleging a policy of liability insurance which it had issued to Earnest Myers was not in effect at the time of this accident, as a consequence of which plaintiffs have no cause or right of action against that company. The exception was maintained and plaintiffs appeal. We affirm the judgment.
Plaintiffs’ son was killed while riding a motorcycle when it collided with an oncoming Ford pickup owned and driven by Earnest Myers. The sole issue before this court is whether or not there was insurance coverage on the Myers truck at the time of the accident.
The record establishes that Earnest Myers purchased a policy of liability insurance through Pinson-Calhoun Insurance Agency in Shreveport from American Guarantee and Liability for a term of six months beginning July 16, 1971 and extending to January 16, 1972. The accident occurred on June 1, 1972.
Item 2 of the policy indicates the policy period was from 7-16-71 to 1-16-72, and for successive policy periods of six calendar months as provided in policy condition 1:
“1. Policy Period; Territory; Renewal Agreement. This policy applies only to accidents, occurrences and loss during the policy period while the automobile is *379 within the United States of America, its territories or possessions, or Canada, or is being transported between ports thereof.
"This policy shall expire as shown in Item 2 of the declarations, except that it may be continued in force, subject to the consent of the company, for successive policy periods by the payment of the required renewal premium, computed at the company’s rates then current, to the company on or before the expiration of the current policy period. If each such renewal premium is not paid when due the policy shall terminate as of that date and such date shall be the end of the policy period.
“Each successive policy period shall be for the declared number of calendar months shown in Item 2 of the declarations and shall begin and end at 12:01 A.M., Standard Time, at the address of the named insured.”
It is apparent from this provision the policy would expire unless the required renewal premium was paid to the American Guarantee and Liability Insurance Company on or before the expiration of the current policy period, i. e., January 16, 1972. If this payment was made to the insurance company before such time, then the policy would be extended for “the declared number of calendar months shown in Item 2”, which was six months or until July 16, 1972. Some time prior to January 16, 1972 the insurance company mailed to defendant Myers a premium notice upon which is printed the following:
“Select your payment plan make your payment on or before 1-16-72 or present protection will cease on the date shown above.”
Myers admits he received this notice but had made no payments, stating that the insurance agency had moved and he was unable to find it when he came to the Johnson Building to pay his premiums. [The Pinson-Calhoun agency had moved to the Petroleum Tower but the change of address was indicated on the premium notice.]
Plaintiffs contend first that since the insurance company had extended credit to the agency which in turn extended credit to Myers for payment of its premium during the initial policy period, a creditor-debtor relationship was created between the agency and Myers, which arrangement caused the policy to continue in effect until notice of cancellation was mailed in accordance with the provisions of Louisiana Revised Statutes 22:636.1. There is no dispute that no notice of expiration or of cancellation was ever mailed to Myers. We find no evidence to substantiate the contention that credit was extended to Myers for renewal of his policy.
The second issue concerns the interpretation of the policy provisions regarding renewal. We find the rationale of the court in Vidrine v. Southern Farm Bureau Casualty Insurance Company (La.App.3d Cir. 1971) 247 So.2d 660 appropriate to the issue here presented. In that case the court was also dealing with a six months policy which provided for renewal at the end of the term by payment of the renewal premium by the insured on or before the expiration of the current term. The insured failed to timely pay the renewal premium and was involved in an accident after the expiration of the policy.
The court in Vidrine held that Louisiana Revised Statutes 22:636.1 was the applicable state law, the relevant part of which was quoted:
“D. No insurer shall fail to renew a policy unless it shall mail or deliver to the named insured, at the address shown in the policy, at least twenty days’ advance notice of its intention not to renew. This subsection shall not apply: (1) if the insurer has manifested its willingness to renew; or (2) in case of non-payment of premium; * *
It is readily apparent in the instant case, as in Vidrine, that the provisions of *380 the policy are not in conflict with the legislation and therefore must be given full effect. Since defendant manifested its willingness to renew by sending the premium notice and since the premium required’ for renewal was not paid, the policy expired on January 16, 1972.
As observed in Vidrine, the issue is not whether the insurer gave notice of cancellation but rather whether the policy was ever renewed. The last sentence of Louisiana R.S. 22:636.1, subsec. C, the subsection setting out the time requirements for the giving of notice of cancellation by the insurer, provides, “This subsection shall not apply to nonrenewal.”
For the reasons assigned the judgment is affirmed at appellants' cost.