CURRAULT, Judge.
Plaintiff, Edward J. Rosenburg, filed a petition for damages arising from an automobile accident occurring on January 19, 1981. He sued his uninsured motorist insurer, Travelers Insurance Company; the driver of the other vehicle, Charles Carr; the owner of the vehicle Carr was driving, Roger Jackson; and subsequently the ap-pellee, St. Paul Fire and Marine Insurance Company as the liability insurer of Jackson, Carr’s employer.
St. Paul Fire.and Marine Insurance Company moved for summary judgment alleging that a policy issued to Jackson had been *527 cancelled for nonpayment of the policy and was no longer in effect at the time of the accident. The policy was issued for the period of June 4, 1979 to June 4, 1980, and notice of cancellation was mailed on October 25,1979, to become effective November 5,1979. The accident occurred on February 4, 1980. No other policy was issued to defendant Carr. Summary judgment was granted by the trial court on October 22, 1981, giving rise to this appeal by plaintiff.
The sole issue in this case is whether the evidence shows no genuine issue of material fact entitling mover to a judgment as a matter of law. LSA-C.C.P. art. 966.
In support of the motion for summary judgment, defendant introduced an affidavit executed by the claims manager of St. Paul Fire and Marine Insurance Company, acknowledging that policy No. 066HA3496 was issued to defendant Jackson. He attested to the fact that the coverage period commenced on June 4,1979, and terminated on June 4, 1980. Defendant further declared that the coverage was subsequently cancelled for nonpayment of the premium and that a written notice of cancellation dated October 24, 1979, was mailed to defendant Jackson on October 25, 1979, and made effective November 5, 1979. Copies of the policy issued to defendant Jackson and the notice, bearing the certificate of mailing stamped by the postal service, were made part of the record.
In opposition to the motion, plaintiff introduced copies of letters mailed to the Louisiana Department of Public Safety requesting information regarding insurance coverage on defendants, Carr and Jackson. He further attached copies of the Department’s response which reflected coverage under the alleged cancelled policy. The information, appellant argues, is sufficient to raise the issue of whether or not defendant’s coverage was cancelled at the time of the accident.
In determining whether to grant or deny a motion for summary judgment, the pleadings, depositions, answers to interrogatories, admissions on file and affidavits must be reviewed. LSA-C.C.P. art. 966. The burden of proof is on the mover to show that no genuine issue as to material fact exists, and any doubt is resolved against granting the motion in favor of trial on the merits. Charles Ray v. Asso. Indemnity Corp., 373 So.2d 166 (La.1979).
The cancellation procedures used by appellee herein met all the requirements of law. LSA-R.S. 22:636.1(F), which regulates such proceedings, states that, “Proof of mailing of notice of cancellation, or of intention not to renew or of reasons for cancellation, to the named insured at the address shown in the policy, shall be sufficient proof of notice.” However, allegations of cancellation can be defeated, but the insured must prove that notice was not received. Robertson v. Travis, 393 So.2d 304 (La.App. 1st Cir.1980); writ denied, 397 So.2d 805, 806 (La.1981). Denial of receipt of notice would raise a genuine issue of material fact sufficient to preclude granting a summary judgment. Ray, supra; Cuccia v. Allstate Ins. Co., 262 La. 545, 263 So.2d 884 (1972).
In the case herein, appellant failed to raise, or introduce any evidence related to the issue of notice or payment of the premium. The only evidence produced by appellant derives from the Department of Public Safety, that public body charged with implementation of the Louisiana Motor Vehicle Safety Responsibility Law. The Department in turn receives its information directly from the parties involved in the type of accident subject to its provisions. The documents provided by appellant, however, do not indicate anything more than at some time such coverage was reported to the commissioner. We conclude that the Department’s report standing alone is insufficient to raise a genuine issue of the material fact of coverage in this case.
Accordingly, the trial court’s adjudication granting the motion for summary judgment is affirmed.
AFFIRMED.