SHORTESS, Judge.
Gail Gaudet (plaintiff) filed suit against defendants, Stanley J. Crochet, Karen V. Crochet, Aetna Casualty and Surety Company (Aetna), and Fireman’s Insurance Company of Newark, N.J. (Fireman’s). Her suit was brought individually and as the natural tutrix of the minors, Eric Gau-det, III, and Brent Gaudet, for damages resulting from an automobile accident which occurred on July 24, 1981, on Highway 90 between Patterson and Morgan City. Fireman’s was alleged to be plaintiff’s uninsured motorist carrier. Aetna allegedly was the automobile liability carrier for the Crochet’s. Aetna filed a motion for summary judgment asserting that its policy was not in effect at the time of the accident. The trial court granted this motion and dismissed Aetna from the suit. From this judgment, Stanley J. Crochet and Karen V. Crochet (Crochets) appeal.
Aetna contends that the policy had lapsed because its period was from July 18, 1980, to July 18, 1981, and the accident occurred on July 24, 1981. All parties concede that no renewal premium was ever paid. In her deposition, Pauline Cullum Agee, accounts processor for Aetna, stated that she mailed to the Crochets a renewal notice that was dated May 13, 1981. The deposition of Sherry Carlin Holler, superintendent of Aetna’s assigned risk department, reveals that Aetna does not have any documentation indicating that the premium notice was received by the Crochets.
Karen Crochet stated in her deposition that she did not receive the premium notice *222 until Monday, July 26, 1981. She further stated that she had seen her insurance agent, Clyde Crappell, on the Monday before the accident which was July 19. Crochet testified that Crappell did not tell her that the policy had lapsed the day before. Instead, he informed hep that Aetna was willing to renew the policy but that since he had not received any notices from Aetna yet, she could wait to pay the renewal premium. Crochet stated that her address had changed from the address listed on the policy but that she had informed the post office of her change of address.
The Crochets contend that the trial court erred in granting the motion for summary judgment.
A motion for summary judgment should be granted if, and only if, it is shown that no genuine issue as to material fact exists and that the movant is entitled to judgment as a matter of law. The party moving for summary judgment has the burden of showing the absence of a genuine issue as to any material fact. All doubts as to the absence of a genuine issue will be decided in favor of a trial on the merits. La.C.C.P. arts. 966 and 967; Mashburn v. Collin, 355 So.2d 879 (La.1977); Broussard v. Henry, 423 So.2d 67 (La.App. 1st Cir.1982).
La.R.S. 22:636.1(E) provides:
No insurer shall fail to renew a policy unless it shall mail or deliver to the named insured, at the address shown in the policy, at least twenty days advance notice of its intention not to renew. This subsection shall not apply: (1) if the insurer has manifested its willingness to renew; or (2) in case of nonpayment of premium; provided that, notwithstanding the failure of an insurer to comply with this subsection, the policy shall terminate on the effective date of any other insurance policy with respect to any automobile designated in both policies.
Renewal of a policy shall not constitute a waiver or estoppel with respect to grounds for cancellation which existed before the effective date of such renewal.
In Ray v. Associated Indemnity Corporation, 373 So.2d 166 (La.1979), the insurer filed a motion for summary judgment contending that its policy had expired because it had mailed the insured a premium renewal notice but had not received payment. The insured denied receipt of the premium notice. The Louisiana Supreme Court found that unless the insurer timely gave prior notice to the insured either of an intent not to renew or of a willingness to renew, the policy will be renewed automatically regardless of whether a premium has been paid. The court further found that La.R.S. 22:636.1(E) requires communication by the insurer to the insured of the company’s willingness to renew. Ray, 373 So.2d at 168. The court held that the insured’s denial of receipt of the- renewal notice was sufficient to raise a genuine issue of material fact as to whether or not the insurer had communicated its willingness to renew such that summary judgment was inappropriate.
Although Aetna’s records indicate that a notice was mailed, Crochet denies having received it. Said denial raises a genuine issue of material fact sufficient to preclude the granting of a motion for summary judgment. Ray, 373 So.2d at 170. While both parties agree that Aetna manifested a willingness to renew on July 19, 1981, Aet-na had a duty to communicate with the Crochets prior to the expiration date of the policy. Although the Crochets changed address without notifying Aetna, they notified the post office and continued to check their mail at the old address. Serious factual differences remain unresolved in this case, i.e., whether the notice was actually mailed and whether the Crochets received this notice. Because genuine issues of fact exist as to whether or not Aetna communicated its willingness to renew, summary judgment was not appropriate in this case. Ray, 373 So.2d at 170; Cuccia v. Allstate Insurance Company, 262 La. 545, 263 So.2d 884 (1972). The summary judgment dismissing Aetna from this suit is reversed at Aetna’s costs, and this case is remanded.
REVERSED AND REMANDED.