LOTTINGER, Judge.
The issue on appeal is whether the trial court erred in granting summary judgment and dismissing the defendant-insurance company on the grounds the insurance policy was not in effect at the time of the automobile accident.
In October of 1983, Kerry Lee Carson was involved in an automobile accident with Lisa Dickerson, the minor child of Edna Dickerson. Carson filed suit against Edna Dickerson and her insurer, American International Insurance Company. American filed a motion for summary judgment on the grounds the policy had not been renewed, and therefore there was no coverage on the date of the accident. After a hearing the trial court granted American’s motion and dismissed plaintiff's claims against it. Plaintiff Carson has appealed.
Dickerson testified by deposition that she did not receive notice of cancellation of the policy as required by La.R.S. 22:636.1 D. However, American contends it mailed adequate notice of cancellation. Because of *1189 the factual dispute concerning receipt of notice, appellant argues the trial court erred in granting summary judgment.
American argues insurance coverage was ended not by cancellation but rather by non-renewal. American cities La.R.S. 22:636.1 E and argues notice of non-renewal was not required because Dickerson was delinquent in paying her premium. Thus, American contends the issue of notice is not an issue of material fact and as a matter of law summary judgment was properly granted.
Cancellation of insurance coverage occurs when, during the policy period or term, coverage is terminated. Non-renewal of insurance coverage occurs when, at the end of a policy period or term, coverage expires. According to the documentary evidence introduced at the hearing, Dickerson’s policy period was “continuous until terminated.” La.R.S. 22:636.1 A(5) provides that any policy with no fixed expiration date shall be considered as if written for successive policy periods or terms of one year. In the instant case a policy declaration states the endorsement was calculated beginning January 27, 1983. Therefore, a one year policy period would continue through January of 1984. Any disruption in Dickerson’s coverage prior to January of 1984 would necessarily be due to cancellation since the policy period did not expire until January of 1984. The fact Dickerson paid the premium in installments and the fact an installment payment was due prior to January of 1984 does not alter the expiration date of the policy.
Because we find the policy was cancelled (and did not expire due to non-renewal), Dickerson’s receipt of notice of cancellation becomes an issue of material fact. Accordingly, summary judgment was improperly granted. See Cuccia v. Allstate Insurance Company, 262 La. 545, 263 So.2d 884 (1972).
For the above reasons the judgment of the trial court granting summary judgment and dismissing defendant American International Insurance Company is reversed and the case is remanded to the district court for further proceedings. Costs of the appeal are to be paid by American International Insurance Company.
REVERSED AND REMANDED.
SHORTNESS, J., concurs in result. Exhibit “A” is ambiguous at best. It states policy provisions “continuous until terminated.” It also calculated endorsement from 1/27/83 to 8/9/83. The policy itself, or a certified copy should have been attached. Summary judgment was not appropriate.