835 So.2d 755 (2002)
Pamela WILLIAMS
v.
Murk S. STORMS, Progressive Security Insurance Company, and Republic Lloyds Insurance Company.
No. 2001 CA 2820.
Court of Appeal of Louisiana, First Circuit.
November 8, 2002.
*756 Johnnie A. Jones, Jr., Baton Rouge, Counsel for Plaintiff/Appellant Pamela Williams.
Sam R. Aucoin, Baton Rouge, Counsel for Defendant/Appellee Republic Lloyds Insurance Company.
*757 Before: FOIL, FOGG, and KLINE,[1] JJ.
KLINE, Judge Pro Tem.
This action was begun by an insured against her automobile insurer to recover damages for the allegedly negligent misrepresentation by the insurer to a third party insurer that the plaintiff lacked insurance coverage on the date she was involved in an automobile accident, triggering the penalty provisions of La. R.S. 32:866. Finding that the insurance policy in question had been properly cancelled for the time period that included the date of the accident, the district court dismissed the plaintiff's insurer on its motion for summary judgment. For the reasons that follow, we reverse and remand.

FACTS AND PROCEDURAL HISTORY
The plaintiff, Pamela Williams, had a policy of automobile insurance with Republic Lloyds Insurance Company ("Republic"), with a policy period of September 14, 1998 through January 1, 1999. On November 17, 1998, Republic mailed to Ms. Williams a notice of cancellation for nonpayment of premiums. This notice stated that unless a payment of $223 was received by December 2, 1998, the policy would be cancelled. No payment was received by that date and the policy was cancelled.
On December 4, 1998, Ms. Williams was involved in an automobile accident with the defendant, Murk S. Storms,[2] who was insured by Progressive Security Insurance Company ("Progressive"). Ms. Williams alleged that her vehicle was rear-ended by the vehicle driven by Mr. Storms.
On December 7, 1998, Republic forwarded a notice to Ms. Williams stating that her policy of insurance had been cancelled and containing an offer to reinstate the policy upon receipt of the unpaid premiums. The notice further stated that even though the insurance could be reinstated, there would be a lapse in coverage from December 2, 1998 until the date payment was made. Ms. Williams paid the amount due on December 14, 1998 and her insurance was reinstated as of that date. According to Republic, Ms. Williams was not covered from December 2, 1998 through December 13, 1998.
On December 3, 1999, Ms. Williams filed suit against Mr. Storms and his insurer, Progressive, for damages she allegedly sustained in the accident. Ms. Williams also named her insurer, Republic, as a defendant, alleging that Republic misrepresented to Progressive that she was uninsured on the date of the accident. Because of this alleged misrepresentation by Republic, Ms. Williams contends that the claim she filed with Progressive was denied under the "No Pay No Play" statute, La. R.S. 32:866.[3]
On May 23, 2001, Republic filed a motion for summary judgment, along with an affidavit by its representative stating the facts on which Republic based its position that there was a lack of coverage on the date of the accident, and including the purported notice of cancellation documents. *758 In response, Ms. Williams filed an affidavit stating that at all pertinent times she was insured by Republic and attaching thereto her certificate of insurance coverage.
Following a hearing on Republic's motion for summary judgment, held on July 20, 2001, the trial court rendered summary judgment: finding Ms. Williams' Republic policy had lapsed on the date of the accident, that she was uninsured on that date, and dismissing the suit against Republic.
From this judgment, Ms. Williams appealed and asserts to this court that the district court erred: (1) in failing to find a genuine issue of material fact was raised by plaintiff's affidavit and "Proof of Liability Insurance" card showing coverage; and (2) in failing to deny Republic's motion for summary judgment.[4]

MOTION FOR SUMMARY JUDGMENT
On appeal, summary judgments are reviewed de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Simmons v. Berry, 98-0660, p. 4 (La.App. 1st Cir. 12/22/00), 779 So.2d 910, 913-14; J. Ray McDermott, Inc. v. Morrison, 96-2337, p. 9 (La.App. 1st Cir.11/7/97), 705 So.2d 195, 202, writs denied, 97-3055, 97-3062 (La.2/13/98), 709 So.2d 753, 754. A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of summary judgment does not dispose of the entire case. La. C.C.P. art. 966(E).
The motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Bergeron v. Williams, 99-0886, p. 4 (La.App. 1st Cir.5/12/00), 764 So.2d 1084, 1087, writ denied, XXXX-XXXX (La.9/15/00), 768 So.2d 1281; Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1st Cir.6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. The motion should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, and is now favored. La. C.C.P. art. 966(A)(2). The initial burden continues to remain with the mover to show that no genuine issue of material fact exists. Bergeron v. Williams, 764 So.2d at 1087. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, then the nonmoving party must produce factual support sufficient to satisfy his evidentiary burden at trial. La. C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. La. C.C.P. arts. 966 and 967; Bergeron v. Williams, 764 So.2d at 1087; LeJeune v. Brewster, 97-2342, p. 3-4 (La.App. 1st *759 Cir.11/6/98), 722 So.2d 74, 76. In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751.
A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Hardy v. Bowie, 98-2821, p. 6 (La.9/8/99), 744 So.2d 606, 610, Smith v. Our Lady of the Lake Hospital, Inc., 639 So.2d at 751. Facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. South Louisiana Bank v. Williams, 591 So.2d 375, 377 (La.App. 3d Cir.1991), writs denied, 596 So.2d 211 (La. 1992). Simply put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. Smith v. Our Lady of the Lake Hospital, Inc., 639 So.2d at 751.
Because the applicable substantive law determines the materiality of facts in a summary judgment setting, we now turn to a discussion of the applicable law. See J. Ray McDermott, Inc. v. Morrison, 705 So.2d at 203.

CANCELLATION OF POLICY FOR NONPAYMENT OF PREMIUM
A policy of automobile insurance can only be cancelled in accordance with La. R.S. 22:636.1, which provides as follows, in pertinent part:
A. As used in this Chapter:
* * *
(6) "Nonpayment of premium" means failure of the named insured to discharge when due any of his obligations in connection with the payment of premiums on a policy, or any installment of such premium, whether the premium is payable directly to the insurer or its agent or indirectly under any premium finance plan or extension of credit.
B. (1) A notice of cancellation of a policy shall be effective only if it is based on one or more of the following reasons:
(a) Nonpayment of premium.
* * *
D. (1) No notice of cancellation of a policy to which Subsection B or C of this Section applies shall be effective unless mailed by certified mail or delivered by the insurer to the named insured at least thirty days prior to the effective date of cancellation; however, when cancellation is for nonpayment of premium at least ten days notice of cancellation accompanied by the reason therefor shall be given. In the event of nonpayment of premiums for a binder, a ten day notice of cancellation shall be required before the cancellation shall be effective. Notice of cancellation for nonpayment of premiums shall not be required to be sent by certified mail. Unless the reason accompanies the notice of cancellation, the notice of cancellation shall state or be accompanied by a statement that upon written request of the named insured, mailed or delivered to the insurer within six months after the effective date of cancellation, the insurer will specify the reason for such cancellation. This Subsection shall not apply to nonrenewal.
(2) There shall be no liability on the part of and no cause of action of any nature shall arise against any insurer or *760 its agents, employees, or representatives for any action taken by them to provide the reasons for cancellation as required by this Subsection.
* * *
F. Proof of mailing of notice of cancellation, or of intention not to renew or of reasons for cancellation, to the named insured at the address shown in the policy, shall be sufficient proof of notice.

* * *
J. Where written notice of cancellation or nonrenewal is required and the insurer elects to mail the notice, the running of the time period between the date of mailing and the effective date of termination of coverage shall commence upon the date of mailing. [Emphasis added.]
Upon determination that Ms. Williams had failed to pay the insurance premiums due, Republic's representative, Robert Fusco, asserted in his affidavit that the annexed cancellation notice, dated November 16, 1998, was mailed to Ms. Williams. The notice was addressed to Ms. Williams at her address, 6266 Landis Drive in Baton Rouge, and stated the following, in pertinent part:
THIS IS AN OFFER TO CONTINUE YOUR AUTO INSURANCE POLICY.
CANCELLATION NOTICE IF PREMIUM NOT PAID
IF THE PREMIUM IS NOT RECEIVED IN OUR OFFICE BY THE DUE DATE. THIS IS A NOTICE OF CANCELLATION FOR NONPAYMENT OF PREMIUM EFFECTIVE AT 12:01 AM ON 12/02/98
* * *
PAYMENT OF $223.00 BY 12/02/98 WILL CONTINUE YOUR POLICY FOR THE NEXT COVERAGE PERIOD. YOUR PAYMENT MUST BE RECEIVED IN OUR OFFICE BY THE DUE DATE.
PARTIAL PAYMENTS ARE NOT ACCEPTED.
THERE IS NO GRACE PERIOD. [Emphasis original.]
Also attached to Mr. Fusco's affidavit was the insurance company's certification that the notice had been "enclosed in a sealed envelope with postage thereon fully prepaid in the United States at San Diego, California ... on 11/17/98." Additionally, a copy of the U.S. Postal Service's "Sender's Statement and Certificate of Bulk Mailing of Matter Paid with Stamps or Meter Postage" was filed into evidence showing 1,871 pieces of mail were mailed on November 17, 1998. Another notice was forwarded to Ms. Williams on December 7, 1998, stating that her policy had expired on December 1, 1998 at 12:01 a.m. and making the following offer:
THIS AUTOMOBILE INSURANCE HAS EXPIRED AS THE REQUIRED PREMIUM WAS NOT PAID BY THE DUE DATE. THERE IS CURRENTLY NO COVERAGE IN FORCE ON THIS POLICY.
YOU MAY REINSTATE THIS POLICY BY PAYING THE AMOUNT REQUIRED TO REINSTATE. THERE WILL BE A LAPSE IN COVERAGE FROM THE EXPIRATION DATE TO THE DATE WE RECEIVE YOUR FULL PAYMENT.
REINSTATEMENT OF YOUR COVERAGE WILL BE EFFECTIVE, SUBJECT TO UNDERWRITING APPROVAL, THE DATE AND TIME YOUR PAYMENT IS RECEIVED.
*761 A reinstatement certificate was also filed into the record showing Ms. Williams' automobile insurance was reinstated, effective December 14, 1998.
In the affidavit that Ms. Williams filed into evidence, she stated that: she was domiciled at 6266 Landis Drive in Baton Rouge; the pleadings filed by Republic "represent an entire fabrication or seek to set forth facts with which [she was] unfamiliar; she never received a cancellation notice from Republic; she received only a proof of insurance card, indicating she was insured on the date of the accident; and that she never received an "Automobile Insurance Exception Notice" or a "Reinstatement Notice;" and, at the time of the accident, she had been continuously insured by Republic. Ms. Williams did not challenge the correctness of the address to which notice was sent, or the fact of non-payment of the premiums. Annexed to Ms. Williams affidavit was a copy of a card, which read, in pertinent part:
 LOUISIANA AUTO INSURANCE IDENTIFICATION CARD
 19208 REPUBLIC LLOYD'S INSURANCE COMPANY
 COMPANY NAIC NUMBER COMPANY AFFORDING COVERAGE (NAME & ADDRESS)
An insurer authorized to transact business in Louisiana has issued the Motor Vehicle Policy identified here on. The
 coverage provided by this policy meets the minimum liability insurance limits prescribed by law.
POLICY NUMBER EFFECTIVE DATE EXPIRATION DATE
 75d2588995 9-14-98 1-1-99
 * * *
NAME OF INSURED
 WILLIAMS, PAMELA
 6266 LANDIS DR
 BATON ROUGE LA 70812
Thus, the evidence in record includes the notice that was mailed to Ms. Williams ten days prior to the date of cancellation of her insurance policy, informing Ms. Williams that her insurance was cancelled effective December 2, 1998, unless payment was received prior to that time for unpaid premiums. This evidence is countered by Ms. Williams' testimony that she did not receive notice of cancellation and that she believed that at all pertinent times she was covered by the Republic policy of insurance. The policy was actually reinstated on December 14, 1998.
In a cancellation of insurance case, the burden of proof first rests upon the insurer to prove by prima facie evidence proof of mailing of notice to the insured. Where the insurer meets the burden of proof, a presumption of delivery is established, which then may be rebutted by the insured by proof of nondelivery. The insured has the burden of proof to establish the nondelivery. Folds v. Protective Casualty Insurance Company, 26,323, p. 6 (La.App. 2nd Cir.12/7/94), 647 So.2d 1215, 1218. When an insured has filed sworn testimony in opposition to a motion for summary judgment, denying delivery of notice of cancellation, jurisprudence has held that a genuine issue of material fact is raised thereby and summary judgment is inappropriate. See Ray v. Associated Indemnity Corporation, 373 So.2d 166, 170 (La.1979).
The problem with the jurisprudence on the issue of the application of Section 636.1 is that the cases appear to rely on jurisprudence interpreting Section 636, which is clearly a rebuttable presumption whereas 636.1 is arguably not a rebuttable presumption. This distinction is highlighted by the commentary found in W. McKenzie and H. Johnson, 15 Louisiana Civil Law Treatise, Insurance Law and Practice, § 224, pp. 487-88 (1996), wherein it is stated, "The language [of La. R.S. *762 22:636.1(F) ] differs from the language of [La.] R.S. 22:636 discussed above. In [Ray v. Associated Indemnity Corporation ], however, the Louisiana Supreme Court overturned a summary judgment with an opinion indicating that proof of mailing created only a rebuttable presumption. The insured's denial of receipt of notice was held to be sufficient to defeat the insurer's motion for summary judgment. The statute, however, seems to provide unequivocally that `proof of mailing... shall be sufficient proof of notice.'" (Footnotes omitted.)[5]
In the Ray v. Associated Indemnity Corporation case, sufficiency of cancellation under La. R.S. 22:636.1 was at issue. The district court had granted summary judgment in favor of the insurer, and was affirmed by the court of appeal. On review by the supreme court, the issue before the court was phrased as follows:
The insurance company therefore contends that compliance with the terms of R.S. 22:636.1 F constitutes sufficient proof of notice and that no genuine issue of material fact is raised by Ms. LaCour's assertion that she did not receive the premium notice. [373 So.2d at 169; footnote omitted.]
In deciding to reverse the lower court, the supreme court reasoned:
Although the instant case does not involve a cancellation notice, the rationale of [Cuccia v. Allstate Insurance Company, 262 La. 545, 263 So.2d 884, 888 (1972) ],[6] that disputed facts should not be decided by summary judgment, is equally applicable to the case at hand. Ms. LaCour may not persuade the trier of fact that she indeed did not receive a premium notice, but the law affords her an opportunity to do so. [373 So.2d at 170.]
In accordance with those views, the supreme court reversed the grant of summary judgment in favor of the insurance company and remanded the matter for further proceedings.
This circuit has applied the supreme court jurisprudence on this issue, to disallow the resolution of the issue of receipt of notice of cancellation on motion for summary judgment. Carson v. Dickerson, 512 So.2d 1188, 1188-89 (La.App. 1st Cir. 1987); Gaudet v. Crochet, 448 So.2d 221, 222 (La.App. 1st Cir.1984). Consequently, we are likewise bound by the jurisprudence to so hold.[7]
While we recognize that these cases were decided prior to the 1996 change in the law, which now favors rendition *763 of summary judgments,[8] we believe they still represent a valid legal precedent. Inherent in the resolution of the issue before the court in any of these cases is the determination of whether the testimony of the insured, that notice of cancellation was not delivered, is credible. The trial court cannot make credibility determinations on a motion for summary judgment. Independent Fire Insurance Company v. Sunbeam Corporation, 99-2181, p. 16 (La.2/29/00), 755 So.2d 226, 236. In deciding a motion for summary judgment, the court must assume that all of the affiants are credible. Inasmuch as summary judgments deprive the litigants of the opportunity to present their evidence to a jury, they should be granted only when the evidence presented at the motion for summary judgment establishes that there is no genuine issue of material fact in dispute. Knowles v. McCright's Pharmacy, Inc., 34,559, p. 3 (La.App. 2nd Cir.4/4/01), 785 So.2d 101, 103.
Consequently, we are compelled to conclude that Ms. Williams' denial that delivery was made of the notice of cancellation of her automobile insurance policy has raised a genuine issue of material fact, rendering summary judgment inappropriate. That is not to say that Ms. Williams will prevail at the trial on the merits, rather, that the matter presented a credibility determination that cannot be made on motion for summary judgment.

CONCLUSION
For the reasons assigned herein, the summary judgment in favor of Republic Lloyds Insurance Company is hereby reversed, and the matter is remanded to the trial court for further proceedings consistent with the foregoing. All costs of this appeal are assessed to appellee, Republic Lloyds Insurance Company.
REVERSED AND REMANDED.
NOTES
[1] Hon. William F. Kline Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Mr. Storms was also referred to in the record as Mark S. Storm.
[3] Louisiana Revised Statutes 32:866(A)(1) provides: "There shall be no recovery for the first ten thousand dollars of bodily injury and no recovery for the first ten thousand dollars of property damage based on any cause or right of action arising out of a motor vehicle accident, for such injury or damages occasioned by an owner or operator of a motor vehicle involved in such accident who fails to own or maintain compulsory motor vehicle liability security."
[4] Following the summary judgment in favor of Republic and the filing of a motion for appeal of that judgment by Ms. Williams, a summary judgment was signed on October 31, 2001, in favor of Progressive, precluding Ms. Williams "from recovering the first $10,000 at trial for bodily injury and/or property damage" under the penalty provisions of La. R.S. 32:866. Ms. Williams has also filed an appeal from this judgment that has been docketed in this court under number XXXX-XXXX, and which will be decided by another panel of this court.
[5] Prior to the enactment of La. R.S. 22:636.1 La.1968 La. Acts, No. 632, § 1, which contained the language referenced above, cancellation of an insurance policy was governed by La. R.S. 22:636. On this issue, La. R.S. 22:636(C) provides, "The affidavit of the individual making or supervising such a mailing, shall constitute prima facie evidence of such facts of the mailing as are therein affirmed."
[6] The Cuccia case involved the application of La. R.S. 22:636.
[7] Although we are compelled to follow the jurisprudential interpretation on this issue, certain questions are raised. The duty imposed upon the insurer is notice of cancellation under La. R.S. 22:636.1. It seems the fulfillment of that duty is provided in the statute; i.e., "proof of mailing ... shall be sufficient proof of notice." Is proof of receipt additionally required? As part of the inquiry, can the insured by affidavit in opposition to summary judgment simply deny receipt of the cancellation notice, cause it to be a material fact in the summary judgment proceeding, create a credibility issue, and relegate determination of the issue of receipt to a trial? If so, a simple denial of receipt of notice of cancellation can always defeat use of summary judgment.
[8] See Royal Maccabees Life Insurance Company v. Montgomery, 97-1434, p. 6 (La.App. 1st Cir.6/29/98), 716 So.2d 921, 924, writ denied, 98-2664 (La.12/11/98), 730 So.2d 940.