BOUTALL, Judge.
This appeal involves the granting of defendant’s motion for summary judgment dismissing plaintiff’s suit on the basis that the plaintiff was not covered by an insurance policy issued by the defendant insurance company. The plaintiff appeals claiming that an issue of material fact exists. We reverse and remand.
In the summer of 1977, Timothy C. Maise allegedly entrusted the Morrison Insurance Agency with his power of attorney in order to obtain an automobile insurance policy. The Morrison Agency contacted the Government Employees Insurance Company, which issued a policy on behalf of Maise with the effective date of that policy being October 5, 1977, until October 5, 1978. The Morrison Agency financed the premiums of this policy through GMAC and Maise was to pay the Morrison Agency monthly. Maise made the scheduled payments up until March of 1978 but did not make any further payments on the policy. Later, Maise was responsible for an automobile accident which occurred on June 27, 1978, and he brought suit against GEICO because they denied him coverage for the accident due to prior cancellation of the policy caused by non-payment of the policy premiums.
The issue on appeal is whether the trial court properly granted the defendant’s motion for summary judgment. C.C.P. Art. 966 permits the granting of a motion for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. This article has been further interpreted in Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981) wherein the court stated:
“. . . Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. (. . . citations omitted . . .) To satisfy his burden the mover must meet a strict standard by a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. (.. . citations omitted . . .) The papers supporting mover’s position are closely scrutinized, while the opposing papers are indulgently treated, in determining whether the mover has satisfied his burden. (... citations omitted ...)”
*981 GEICO attempted to show the material facts that entitled it to judgment as a matter of law submitting several letters and documents purporting to show that it can-celled the policy at the request of the Morrison Agency and that cancellation notices were sent to Maise and the Morrison Agency. Maise responded with an affidavit of himself and his wife denying that cancellation notices were ever received by himself or the Morrison Agency and denying Maise’s signature on the power of attorney to the Morrison Agency.
In this instance, GEICO did not offer any affidavits which would serve to verify the authenticity of the cancellation notices, either on its motion or in response to Maise’s affidavit which conflicts in part. C.C.P. Art. 967 requires that:
“When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.”
Here, Maise did put forth specific facts which show that a genuine issue exists at trial while GEICO attempts to negate those facts by mere allegations. The relevancy of these facts are dependent upon which theory of cancellation of the insurance policy governs in this case: R.S. 22:636, cancellation by the insurer or R.S. 22:637, cancellation by the insured or his agent.
We note that C.C.P. Art. 966 also requires the mover show the relevant facts upon which he is entitled to judgment as a matter of law. If this situation were to fall under the requirements of R.S. 22:636, then GEICO must show that a written notice was sent to the insured or his representative. Once again, GEICO attempted to show that proper written notice was sent by offering unsupported and unverified documents whereas Maise properly brings this fact into issue by affidavit and depositions denying such a notice. If this situation were to fall under the requirements of R.S. 22:637, then GEICO must show that proper written notice of cancellation was sent to it and that the policy was surrendered for cancellation. There has been no showing on the behalf of GEICO that Maise or his agent surrendered the policy and there is a dispute that the written notice was properly executed or ever sent.
The record shows that the requirements of C.C.P. Art. 966 which burdens the mover to prove that there was no genuine issue as to material fact and that mover is entitled to judgment as a matter of law have not been met by GEICO.
Accordingly, we reverse the trial court’s granting of defendant’s motion for summary judgment and enter judgment denying the motion. Costs to be assessed on final disposition of the case.
REVERSED.