KLIEBERT, Judge.
The plaintiff, Timothy Maise, Sr., appeals from a judgment dismissing, on a motion for summary judgment, his suit for recovery of damages under a policy of insurance issued by Government Employees Insurance Company (GEICO). The issue on appeal is whether there is a disputed issue, of fact, i.e., did Maise receive proper written notice the policy of insurance sued on was cancelled? The trial judge concluded there was proper notice and, hence, granted the summary motion to dismiss. We reverse and remand for trial on the merits.
This case was previously dismissed by the trial judge on a motion for summary judgment. On appeal to this court, Maise v. Government Employees Insurance Co., 419 So.2d 979 (5th Cir.1982) we set aside the dismissal and remanded the case to the trial judge. The basis for the reversal was the failure of GEICO to show there was no genuine issue as to material fact and that the mover, GEICO, was entitled to judgment as a matter of law.
After the remand, GEICO filed another motion for summary judgment and supported same by the affidavits of Donald Morrison, an insurance agent. In the affidavit, Mr. Morrison attests that acting under a power of attorney given to him by Maise in connection with a premium financing arrangement, he requested GEICO to cancel the Maise policy because the installment payments on the loan made to finance the premium were four months in arrears. Based on this request, GEICO cancelled the policy and refunded the unearned premium to Mr. Morrison on or about June 19, 1978.
On the previous appeal to this court, Judge Boutall, as its organ, at page 981, said:
“We note that C.C.P. Art. 966 also requires the mover show the relevant facts upon which he is entitled to judgment as a matter of law. If this situation were to fall under the requirements of R.S. 22:636, then GEICO must show that a written notice was sent to the insured or his representative. Once again, GEICO attempted to show that proper written notice was sent by offering unsupported and unverified documents whereas Maise properly brings this fact into issue by affidavit and depositions denying such a notice. If this situation were to fall under the requirements of R.S. 22:637, then GEICO must show that proper written notice of cancellation was sent to it and that the policy was surrendered for cancellation. There has been no showing on behalf of GEICO that Maise or his agent surrendered the policy and there is a dispute that the written notice was properly executed or ever sent.”
On the second motion for summary judgment GEICO contends the cancellation was effected by a representative of the insured (Morrison) and its notice of cancellation to Morrison, which he admits was received, was sufficient to cancel the policy. Consequently, argues GEICO, the disputed issue of fact, i.e., did Maise personally receive notice of cancellation is no longer material for the notice requirements are those of R.S. 22:637 rather than R.S. 22:636.1 because the cancellation was effected by the insured through its agent (Morrison) and not by the insurer. The trial judge agreed; but, we disagree.
R.S. 22:636.1 contains specific provisions dealing with the exact situation present in the instant case. The sections allows the cancellation of automobile insurance policies for “non-payment of premium” and defines nonpayment as failure to pay “directly to the insured or indirectly under any premium financing plan”. It further provides that cancellation will not be effective without ten (10) days notice to the insured. Cockern v. Government Employees Ins. Co., 415 So.2d 330 (2nd Cir.1982).
When Maise filed an affidavit alleging he did not receive notice of cancellation, he *1229 raised a genuine issue of material fact, i.e., did he receive the requisite written notice of cancellation? The issue so raised is sufficient to preclude the granting of a motion for summary judgment because the filing of defendant’s affidavit alleging the required notice was mailed can be defeated by plaintiffs affidavit the notice was not received by the insured. Rosenburg v. Carr, 422 So.2d 526 (5th Cir.1982); Cuccia v. Allstate Insurance Co., 262 La. 545, 263 So.2d 884 (1972). Hence, there is an unanswered genuine issue of material fact present which precludes a dismissal on a motion for summary judgment.
We also note that this case arose prior to the enactment of R.S. 9:3550 in 1980, which requires insurance premium financing companies to give notice to the insured that it intends to exercise its power of attorney to cancel the insurance policy. Since this provision was enacted after the facts of this case arose, it has no application here.
Accordingly, the judgment of the trial court is reversed and set aside and the case remanded to the trial court. Costs of the appeal to be borne by the appellee.
REVERSED, SET ASIDE AND REMANDED.