MILLER, Judge.
Plaintiff Cleddie Vickers appeals a summary judgment dismissing his claim against his insurer defendant Preferred Risk Mutual Insurance Company on finding his policy had been cancelled three months before the loss was sustained. We affirm.
Plaintiff Vickers contends the notice of cancellation received by him July 3, 1973 was not effective because his insurer did not send his unearned premium until October 19, 1973, several days after the October 13th accident.
Vickers purchased the coverage on May 14, 1973 and paid the $102.40 semi-annual premium. There is a dispute concerning the company’s alleged attempt to refund the unearned premium on July 2, 1973. Both parties have argued the appeal of this summary judgment on the premise that the unearned premium was not mailed to Vick-ers until three months after the July 14 cancellation.
LSA-R.S. 22:636 regulates cancellation of insurance policies and provides in sub-part A for the type cancellation notice received by Vickers. Vickers argues cancellation did not become effective because sub-part D requires an actual refund of the unearned portion of the premium “as soon as practicable following such cancellation.”
Does the failure of the insurer to mail the unearned portion of the premium within three months after cancellation have the effect of voiding the cancellation notice? F & H Catering Service, Inc. v. United States Fidelity & Guaranty Company et al, 249 La. 667, 190 So.2d 91 (1966) holds non-compliance with policy or statutory provisions requiring the unearned premium to be actually paid to the insured or to be mailed “as soon as practicable” creates nothing more than a creditor-debtor relationship between the parties and does not render prior cancellation of the policy ineffective.
Vickers seeks to distinguish F & H because cancellation in F & H was made for nonpayment of the premium. Here no reason was given for cancellation and the premium had been paid. We reject that contention. In F & H the insured financed the premiums and cancellation was recommended because the insured failed to keep the account current. The unearned premium due was subsequently credited to the account.
*155 We hold the difference between refunding money and cancelling an outstanding debt is not material to the validity of the notice of cancellation.
Counsel contends this interpretation of the law works an injustice to his client. His client made several attempts to obtain a refund of the unearned premium and was told his refund was being processed. LSA-R.S. 22.636(D), as interpreted by F & H, supra, does not condition cancellation of insurance coverage on the prompt refund of the unearned premium. The legislature could amend the statute, but this court may not. Except for the holding in F & H, supra, we would find the policy cancellation to be contingent on the carrier’s compliance with the terms of LSA-R.S. 22:636(D).
The trial court judgment is affirmed at plaintiff appellant’s costs.
Affirmed.