434 So.2d 627 (1983)
L.V. ARDOIN, Plaintiff-Appellant,
v.
AUDUBON INSURANCE COMPANY, Defendant-Appellee.
No. 83-120.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1983.
*628 Preston N. Aucoin, Ville Platte, for plaintiff-appellant.
Kathleen F. Drew, of Voorhies & Labbe and Andrus, Preis & Kraft, Gregory Laborde, Lafayette, Donald Soileau, Mamou, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and YELVERTON, JJ.
GUIDRY, Judge.
L.V. Ardoin brought this suit against Audubon Insurance Company (hereafter Audubon), his alleged homeowner's insurer for fire loss, and against Dupuis Insurance Agency, Inc. (hereafter Dupuis) for its alleged negligence in failing to notify plaintiff of the cancellation of the Audubon policy until after the fire occurred. Plaintiff also seeks penalties and attorney's fees under LSA-R.S. 22:658. After trial on the merits, the trial judge rendered judgment dismissing plaintiff's claims, finding that there was no negligence on the part of Dupuis and that the Audubon policy had been properly cancelled prior to loss, under the provisions of LSA-R.S. 22:636. The plaintiff appeals.
Ardoin secured Audubon policy number H-987697, which was to be effective from June 8, 1979 until June 9, 1982 from Dupuis. The premium owed under the policy was $152.00 per year. Ardoin paid the initial premium. On September 7, 1979, notice was sent to Ardoin and to Dupuis by Audubon that this policy would be cancelled effective September 24, 1979 at 12:01 a.m. This notice was properly addressed to Mr. L.V. Ardoin at Route 5, Box 505, Ville Platte, Louisiana 70586. Audubon also credited Dupuis' account on behalf of Ardoin with $107.00, representing the unearned premium on the Audubon policy.
Upon receiving this notification and credit, Dupuis secured a policy of insurance for Ardoin from American Modern Home Insurance Company (hereafter American Home) which was to have a policy period effective September 7, 1979, to September 7, 1980. In payment of the premium on this policy, $167.00, Dupuis applied the credit allowed by Audubon and advanced the balance. This policy was also later cancelled due to the poor condition of the dwelling. Notice of this cancellation was also mailed to Mr. Ardoin. American Home refunded Dupuis $147.00, representing the unearned premium on the American Home policy. The $20.00 of earned premiums was then subtracted by Dupuis from Mr. Ardoin's account, leaving a credit balance in his account of $87.00.
On October 15, 1979, Dupuis wrote to Mr. Ardoin, advising him of the rejections by Audubon and American Home, setting forth the current credit of $87.00 and advising that a fire policy (less coverage then originally requested by Mr. Ardoin) could be provided upon full payment of a premium of $148.63. On October 21, 1980, Dupuis again wrote to Mr. Ardoin, making reference to its October 15, 1979 letter, advising *629 the insured he had no coverage at all and requesting that he come by the office and pick up a check in the amount of $87.00.
Mr. Ardoin and his family denied receiving any of the above mentioned notices and letters. All notices and letters were properly addressed to Mr. L.V. Ardoin at Route 5, Box 505, Ville Platte, Louisiana 70586.
On November 20, 1981, the date his house burned, Mr. Ardoin went to Dupuis to report the loss and make a claim on his insurance. He was told that his policy had been cancelled since September 24, 1979. Dupuis issued a check in the amount of $87.00, representing Ardoin's unearned premium.
Mr. Ardoin also had an automobile liability policy through Dupuis. Although he was in the office on several occasions between September 24, 1979 and November 20, 1981, to make payments on that policy, no one in the agency ever mentioned the homeowner's insurance or the $87.00 on account.
The issues presented on appeal are (1) whether the trial judge erred in concluding that the plaintiff received the notice of cancellation; (2) whether the failure of an insurer and/or his agent to mail or deliver the unearned portion of the premium prior to loss has the effect of voiding the cancellation notice; and, (3) if successful, whether plaintiff is entitled to penalties and attorney's fees.
The requirements for effecting the cancellation of an insurance policy are set forth in LSA-R.S. 22:636, which reads in pertinent part as follows:
"§ 636. Cancellation by insurer
A. Cancellation by the insurer of any policy which by its terms is cancellable at the option of the insurer, or of any binder based on such policy, may be effected as to any interest only upon compliance with either or both of the following:
(1) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than five days prior to the effective date of the cancellation.
(2) Like notice must also be so delivered or mailed to each mortgagee, pledgee, or other known person shown by the policy to have an interest in any loss which may occur thereunder.
B. The mailing of any such notice shall be effected by depositing it in a sealed envelope, directed to the addressee at his last address as known to the insurer or as shown by the insurer's records, with proper prepaid postage affixed, in a letter depository of the United States Post Office. The insurer shall retain in its records any such item so mailed, together with its envelope, which was returned by the Post Office upon failure to find, or deliver the mailing to the addressee.
C. The affidavit of the individual making or supervising such a mailing, shall constitute prima facie evidence of such facts of the mailing as are therein affirmed.
D. The portion of any premium paid to the insurer on account of the policy, unearned because of the cancellation and in amount as computed on the pro rata basis, must be actually paid to the insured or other person entitled thereto as shown by the policy or by any endorsement thereon, or be mailed to the insured or such person as soon as practicable following such cancellation. Any such payment may be made by cash, or by check, bank draft, or money order."
Although the parties stipulated at trial that the notice of cancellation was deposited in the mail in compliance with R.S. 22:636, plaintiff contends that he never received the notice and that the trial judge manifestly erred in his conclusion that the notice was received.
Proof of deposit in the mails creates a prima facie presumption of delivery. This presumption may be rebutted by positive evidence of lack of delivery or receipt. LSA-R.S. 22:636, subd. C; Skipper v. Federal Insurance Co., 238 La. 779, 116 So.2d 520 (1959); Cuccia v. Allstate Insurance Company, 262 La. 545, 263 So.2d 884 (1972); *630 Broadway v. All-Star Insurance Corporation, 285 So.2d 536 (La.1973).
The defendant, by virtue of the stipulation of compliance with R.S. 22:636, is entitled to a presumption of delivery. Whether the plaintiff was successful in rebutting that presumption is a question of fact for the trial judge. His evaluation of the evidence depended largely on the credibility of the witnesses. The only affirmative proof of nondelivery was the self-serving testimony of the Ardoins. We find no manifest error in the trial judge's finding of fact that the Notice of Cancellation was received by the plaintiff.
Relying on LSA-R.S. 22:636, subd. D, and Ellzey v. Hardware Mutual Ins. Co. of Minnesota, 40 So.2d 24 (La.App. 1st Cir. 1949), plaintiff contends that, notwithstanding delivery, the failure of Audubon and/or Dupuis to mail or deliver the unearned portion of the premium prior to the loss had the effect of voiding the cancellation notice. We find this contention to be without merit and that the case of F & H Catering Service v. United States Fidelity and Guaranty Co., 249 La. 667, 190 So.2d 91 (La.1966) is controlling. See also Vickers v. Preferred Risk Mutual Insurance Co., 323 So.2d 153 (La.App. 3rd Cir.1975), writ refused, 325 So.2d 616 (La.1976), which holds that under LSA-R.S. 22:636(D), the failure to return the unearned premium does not render the prior cancellation of the policy ineffective but merely creates a creditor-debtor relationship between the parties. The court in F & H Catering Service, supra, distinguished the Ellzey case, supra, relied on by plaintiff, finding that Ellzey arose prior to the effective date of Act 195 of 1948, sec. 14.26, the provisions of which are identical with R.S. 22:636, and involved only the construction of a policy provision.
Having decided that the policy was validly cancelled prior to loss, we do not reach the issue of penalties and attorney's fees.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this proceeding are assessed against plaintiff, L.V. Ardoin.
AFFIRMED.