WOODARD, Judge.
Larry Goudeau was employed by Acqua-culture Technologies of Louisiana, Ltd. (Ac-quaculture) in April 1990. On April 6, 1990, a co-worker of the company by the name of Herbert Lee Fontenot committed second degree battery against Mr. Gou-deau by hitting him with a tractor wrench. There were resulting injuries including a crushed elbow. Thereafter, Larry Gou-deau filed suit against Herbert Lee Fonte-not and Aetna Casualty (Aetna). Aetna is the insurance carrier which had issued a joint worker’s compensation and general liability policy on behalf of Acquaculture.
During the course of the proceedings, Aetna filed a Motion for Summary Judgment alleging that the insurance policy issued to Acquaculture had been terminated as of March 31, 1990 due to nonpayment. Aetna further alleged that proper notice of cancellation was mailed to Acquaculture on March 21, 1990. Mr. Goudeau opposed the Motion on the ground that no notice of cancellation was mailed or delivered to Ac-quaculture prior to April 6, 1990, as required under La.R.S. 22:636.A(4).
At the hearing on the Motion for Summary Judgment, Aetna introduced affidavits, the cancellation notice, and a certificate of mailing dated and stamped March 21, 1990. In opposition, Acquaculture introduced affidavits and a letter dated September 10, 1990 from Aetna verifying Donald Edwards, a co-employee’s claim in support of their opposition.
The district court declined to entertain oral arguments at the hearing. On June 10, 1992 the district court issued a minute entry granting the Motion for Summary Judgment without reasons. The judgment was signed on July 29, 1992. It is from this judgment that Mr. Goudeau timely appeals.
LAW
Mr. Goudeau contends that the trial court erred in granting Aetna’s Motion for *203 Summary Judgment because it failed to recognize that there is a genuine issue of fact regarding receipt of the notice of cancellation allegedly sent by Aetna.
A Motion for Summary Judgment is granted when there are no genuine issues of material fact and the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966.
La.R.S. 22:636 sets forth the insurer’s requirement for cancellation of insurance to the insured, in pertinent part:
A. Cancellation by the insurer of any policy which by its terms is cancellable at the option of the insurer, or of any binder based on such policy, may be effected as to any interest only upon compliance with either or both of the following:
(4) Any policy may be cancelled by the company at any time during the policy period for failure to pay any premium when due whether such premium is payable directly to the company or its agent or indirectly under a premium finance plan or extension of credit, by mailing or delivering to the insured written notice stating when, not less than ten days thereafter, such cancellation shall be effective. Nothing in this Code shall mandate a separate notice of lapse for nonpayment of premium of a policy defined as provided by R.S. 22:1405(G).
B. The mailing of any such notice shall be effected by depositing it in a sealed envelope, directed to the addressee at his last address as known to the insurer or as shown by the insurer’s records, with proper prepaid postage affixed, in a letter depository of the United States Post Office. The insurer shall retain in its records any such item so mailed, together with its envelope, which was returned by the Post Office upon failure to find, or deliver the mailing to the addressee.
The evidence shows that on March 21, 1990, Aetna sent a certified letter to Acquaculture which gave them notice of cancellation effective March 31, 1990, if the requested premiums were not received. The form showing that the certified letter was sent is both stamped March 21, 1990 and signed by a post office employee. The prepaid postage imprint dated March 21, 1990 was also copied onto the form.
Affidavits of Aetna’s Accounting Customer Service Supervisor were attached. She attested that she had personal knowledge of Acquaculture’s account and the procedures used by Aetna in sending out cancellation notices that said notice was sent on March 21, 1990. This constitutes prima facie evidence of the required mailing as per La.R.S. 22:636.C.; Broadway v. All-Star Insurance Corporation, 285 So.2d 536 (La.1973).
This evidence may be rebutted only by positive evidence of lack of delivery or receipt. Ardoin v. Audubon Insurance Company, 434 So.2d 627 (La.App. 3rd Cir.1983).
La.C.C.P. art. 967 provides in pertinent part:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
Acquaculture offered the affidavit of the treasurer of the corporation whose duties include supervising and monitoring various insurance policies issued to them. Also attached was the affidavit of the assistant comptroller who monitored the expenditures of the company. Both affida *204 vits stated that to the best of their knowledge, information and belief, neither the corporation nor they personally received a cancellation notice from Aetna. However, neither affidavit stated that they personally supervised receipt of the mail nor that this was even a part of their duties. Therefore, we> find that this is not affirmative proof of nondelivery of notice enough to overcome the evidence submitted by Aetna.
For the foregoing reasons, the Motion for Summary Judgment granted by the trial court is affirmed. Costs of this appeal are assessed to Acquaculture.
AFFIRMED.