JjDECUIR, Judge.
This appeal arises out of an automobile accident on June 25, 1995, when a vehicle driven by Lisa Richard collided with a vehicle being driven by Heath Fontenot. As a result of the accident, plaintiffs, Judy Serie and Ancie Richard, as administrator and tutor of the minor children, Tyler and Asheya Richard, filed suit against Lisa Richard and Safeway Insurance Company. Judy Serie and the minor children were passengers in the vehicle purportedly owned by Lee Ann Richard and being driven by Lisa Richard, Lee Ann Richard’s daughter. The accident occurred when Lisa Richard failed to stop at a stop sign and rear-ended the Fontenot vehicle. Ancie Richard is Lee Ann Richard’s husband. The minor Asheya Richard is Lisa Richard’s daughter, and the minor Tyler Richard is Lisa Richard’s brother.
Safeway Insurance Company answered the suit admitting that a policy of liability insurance was issued to Lee Ann Richard, and said policy was in effect on the date of the accident. However, Safeway denied coverage under the policy for the reason that a material misrepresentation was made by the named insured, Lee Ann ^Richard, in applying for the policy. Specifically, Safeway avers that it was not advised, despite asldng, that Lisa Richard was the owner and primary driver of the vehicle being insured and, furthermore, had Safeway been advised that Lisa Richard would be a driver of the vehicle, it would have either refused to issue the policy or excluded Lisa Richard from coverage as she was an unlicensed driver.
*779 A bifurcated trial on the issue of insurance coverage was held. Having concluded from the testimony of Jennifer Menard, Safeway’s representative, that although Safeway knew of the alleged material misrepresentation, it never cancelled the policy and/or refunded the unearned premium, the trial judge ruled that Safeway is estopped from denying coverage by failing to comply with La.R.S. 22:636. In view of its ruling, the trial court found it unnecessary to decide the issue of material misrepresentation on the insurance application. Thereafter, a consent judgment was entered into between the parties awarding damages in the amounts of $9,000 to Judy Serie and $4,000 for each of the minor children, but reserving to Safeway its right to appeal the judgment on the issue of insurance coverage.
Safeway appeals contending that the trial court’s application of La.R.S. 22:636 to the facts of this case is erroneous since the material misrepresentation was not and could not reasonably be discovered before the loss was incurred or a claim made. Safeway contends the statute applicable to the case sub judice is La.R.S. 22:619 which deals specifically with misrepresentations made in insurance applications. We agree.
The trial court stated in its ruling:
The defendant insurer, Safeway Insurance Company’s own representative and agent, Jennifer Menard unequivocally and uncontradietorily testified that although her principal, defendant Safeway Insurance Company, knew of the alleged material misrepresentation by Lisa (sic) Ann Richard, they never cancelled the policy and/or refunded the unearned premium.
| gBecause of this, the Court rules that defendant Safeway Insurance Company is estopped from denying coverage by failing to comply with LSA-R.S. 22:636, and the jurisprudence of this State.
La.R.S. 22:636 sets forth the procedure for cancellation of insurance policies by the insurer. First, contrary to the trial court’s finding, we note from a review of Ms. Me-nard’s testimony that neither Ms. Menard nor Safeway was aware of the alleged misrepresentation until after the accident when a license check was run on Lisa Richard on the date of the accident. Nowhere in the transcript is there any evidence that defendant knew of the fact that Lisa Richard was an unlicensed driver prior to the accident. Therefore, what reason would Safeway have to cancel the policy prior to its knowledge of the alleged misrepresentation? Thus, La. R.S. 22:636 is inapplicable to the case sub judice.
Because this court has all the facts before it, and the issue before it was litigated below, the trial court’s erroneous judgment does not warrant a remand of the case, and we may decide the case on the merits. See Allbritton v. Allbritton, 561 So.2d 125 (La.App. 3 Cir.), writs denied, 565 So.2d 445 (La.), 565 So.2d 454 (La.1990), and cases cited therein; La. Code Civ.P. art. 2164; Herbert v. Travelers Indemnity Co., 255 La. 645, 232 So.2d 463 (1970). Thus, we make our own independent review of the record to determine whether defendant proved by a preponderance of the evidence that Lee Ann Richard made a material misrepresentation on the insurance application.
We now address Safeway’s affirmative defense that the insured Lee Ann Richard made material misrepresentations in the insurance application so as to defeat' or void coverage pursuant to La.R.S. 22:619. The statute provides:
A. Except as provided in Subsection B of this Section and R.S. 22:692, and R.S. 22:692.1, no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or void the | contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.
B. In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either *780 the acceptance of the risk or the hazard assumed by the insurer.
(Emphasis ours.)
The parties stipulated that the title owner of the vehicle at the time of the accident sued upon was Lee Ann Richard and the driver was Lisa Richard. It is undisputed that Lee Ann and Lisa were not living together at the time the vehicle was purchased nor at the time of the accident. It is also undisputed that Lisa Richard is not listed as a driver on the policy.
The record contains the testimony of both Lisa and Lee Ann Richard, who both, not surprisingly, testified that the vehicle was purchased by Lee Ann Richard for Lee Ann Richard’s use, and that the only time Lisa Richard drove the vehicle was on the date of the accident. There is no dispute that Lisa Richard was an unlicensed driver at the time of the application for the insurance and at the time of the accident. Also in the record is the testimony of Jennifer Menard. Me-nard testified that at the time of the application for insurance, Lee Ann advised her that only she and her husband, Ancie Richard, would be driving the car. Furthermore, according to Menard, Lee Ann advised her that the car was to be garaged at Lee Ann and Ancie’s home and there would be no other drivers.
Lee Ann Richard testified that she went alone to purchase insurance on the ear, and she never discussed buying the car with her husband. She testified that the car was kept at her home, but that she visited her daughter frequently, and that Lisa never drove the car except on the day of the accident. Lisa also testified that she never |5drove the car prior to the accident. She also testified that the money she brought to McGee was her mother’s money.
The record also contains the testimony of two disinterested parties, namely, Clayton McGee, the individual who sold the vehicle, and Gloria Campbell, Lisa Richard’s neighbor and landlady.
First, we note Clayton McGee’s testimony contradicts that of both Lisa and Lee Ann. McGee testified that Lisa Richard approached him about buying the ear and informed him that she wanted the car, but that the title could not be issued in her name. McGee stated that he allowed Lisa to test-drive the car. Later that same day, Lisa returned with her mother to transfer title of the vehicle. According to McGee, Lisa paid him $500 in cash, and Lisa drove the car away from the lot. Subsequently, transmission problems developed, and it was Lisa who spoke to McGee about the problem. McGee testified he returned the purchase price of the vehicle to Lisa, and Lee Ann signed the title back over to him. Later, because she wanted the car back, McGee offered to fix the car for $175. McGee stated that the title was then transferred again, at which time he was given $475 instead of $500. McGee testified that Lee Ann gave him a check to hold “because Lisa didn’t have the money.” Lee Ann Richard admitted at trial that the check she gave McGee was one made on a closed account and that the check was “no good,” but McGee knew this and agreed to hold it. On the other hand, McGee testified that had he known the check was a bad check, he would not have accepted it. We find it incredible that McGee would agree to knowingly accept a bad check as security.
Gloria Campbell testified that she was under the impression that the ear belonged to Lisa, that she saw the car often at Lisa’s home, and she saw Lisa drive the car often.
| fAfter carefully considering the evidence, we find that the defendant proved by a preponderance of the evidence that Lee Ann Richard made a material misrepresentation with the intent to deceive Safeway in the application for the insurance contract, thus entitling Safeway to deny coverage. The judgment of the trial court is reversed and judgment is hereby rendered in favor of Safeway dismissing plaintiffs’ claims.
Costs of appeal are assessed to plaintiffs-appellees.
REVERSED AND RENDERED.