716 So.2d 921 (1998)
ROYAL MACCABEES LIFE INSURANCE COMPANY
v.
Jerry D. MONTGOMERY.
No. 97 CA 1434.
Court of Appeal of Louisiana, First Circuit.
June 29, 1998.
Rehearing Denied September 22, 1998.
*922 Dennis John Hauge, Prairieville, for Plaintiff/Appellant I Royal Maccabees Life Insurance Company.
Stephen C. Carleton, Baton Rouge, for Defendant/Appellant II Jerry D. Montgomery.
Before FOIL, WHIPPLE and KUHN, JJ.
KUHN, Judge.

I. THE ISSUE
Is an insured entitled to a summary judgment upon establishing that the insurer, who sought to have a disability policy rescinded before the policy became uncontestable alleging the insured materially misrepresented his medical history with the intent to deceive, did not provide a notice of cancellation at least twenty days prior to the date upon which the policy became uncontestable?

II. FACTS AND PROCEDURAL BACKGROUND
On August 26, 1991, Royal Maccabees Life Insurance Company ("Royal") filed suit seeking an adjudication declaring its disability policy was validly rescinded due to misrepresentations made by the defendant-insured, Jerry D. Montgomery, regarding his medical history when he applied for the policy. More specifically, Royal asserted that in his June 2, 1989 application for disability insurance, Montgomery answered in the negative to the question, "Have you to the best of your knowledge ever been treated for or had any indication of any of the following ... D. Chest pain, high blood pressure, heart murmur, or any disorder of the heart ... ?" Royal contends Montgomery failed to disclose that he had a medical history of heart murmur, asthma, angina and chest pain.
Royal urges that Montgomery's representations were made with an intent to deceive, and that the misrepresentations materially affected the acceptance of the risk assumed by Royal. Royal asserts it relied upon Montgomery's application and the representations contained therein in issuing its policy on August 28, 1989.[1] Royal claimed it later learned the representations contained in the application were false and incomplete and were known by Montgomery to be untrue when made.
Upon discovering Montgomery's misrepresentations, Royal sent a letter dated August 21, 1991, to Montgomery advising it had learned that Montgomery had a history of stable angina prior to the date of his application for insurance. Royal advised that had this information been known when Montgomery applied for insurance, the policy would not have been issued. Royal tendered a full refund of premiums paid under the policy and requested return of the policy. Royal *923 also sought Montgomery's signature on a written stipulation agreeing to rescission of the policy. In a letter dated August 26, 1991, counsel for Royal informed Montgomery that the contestable period to rescind the disability policy was two years from the date the policy went into effect and that since the date was "so close to the end of the contestable period," suit had been filed on Royal's behalf to preserve its rights in rescinding the disability policy.
After Montgomery answered the petition generally denying Royal's allegations, Royal filed a motion for summary judgment. In response, Montgomery filed a peremptory exception of no cause of action and an alternative motion for summary judgment. Initially, the trial court (Judge Joseph F. Keogh presiding) denied the relief requested by both parties. Upon Montgomery's motion for reconsideration, the trial court (Judge Keogh presiding) signed a judgment dated September 21, 1994, sustaining Montgomery's exception of no cause of action.
The trial court issued written reasons dated September 14, 1994, in support of the ruling on the exception of no cause of action. Therein, the trial court stated that the incontestability clause of the policy prevented cancellation after two years from the effective date of the policy. The court found that Royal had not made an attempted cancellation of the policy in writing twenty days prior to the accrual of the two year period as required by La. R.S. 22:636. The trial court reasoned that the policy was still in force upon the accrual of two years from the date of issue and, thus, was incontestable. The trial court found the "alternative motion for summary judgment [was] rendered moot by [its] disposition of [Montgomery's] exception of no cause of action."
Montgomery then filed a motion to recover attorney's fees contending they should be awarded to him pursuant to La. C.C.P. art. 863, "as the prevailing party in an action asserted by plaintiff ... which was not well grounded in fact and was not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." On May 16, 1995, the trial court (Judge Paul B. Landry, Jr., presiding pro tempore) found merit in Montgomery's motion and awarded judgment in his favor ordering Royal to pay $5,800.00 in attorney's fees.[2]
Royal appealed both the September 21, 1994 and May 16, 1995 judgments. Montgomery answered the appeal seeking additional attorney's fees. On review, this court determined that Royal's petition alleged the elements required to set forth a cause of action for rescission of the insurance contract. In an unpublished decision, Royal Maccabees Life Ins. Co v. Montgomery, 95-2115, p. 7 (La.App. 1st Cir. 5/10/96), 673 So.2d 734, this court reversed the trial court's judgment sustaining the exception of no cause of action and the judgment ordering Royal to pay attorney's fees.[3] The matter was remanded to the trial court for further proceedings. The Louisiana Supreme Court denied Montgomery's application for writ of certiorari and/or review on October 25, 1996. Royal Maccabees Life Ins. Co. v. Montegomery, 96-1808 (La.10/25/96), 681 So.2d 368.
On November 14, 1996, Montgomery filed "Defendant's Motion for Summary Judgment in Accordance With the Law of the Case," seeking to have Royal's claims dismissed. Montgomery asserted that the legal reasoning set forth in the trial court's September 14, 1994 written reasons for judgment (in support of the September 21, 1994 judgment) was the "law of the case" and was supportive of his re-urged motion for summary judgment.
On January 15, 1997, the trial court signed a judgment granting Montgomery's motion for summary judgment. The judgment *924 states that the trial judge, Honorable Kay Bates, "adopts the reasoning of the late Judge Joseph Keogh that the incontestable clause of the policy defeats [Royal's] action as the policy was not validly canceled in accordance with ... La. R.S. 22:636 prior to the effective date of the incontestable clause." The trial judge "decline[d] to adopt the ruling of Judge Paul Landry awarding [Montgomery] attorney's fees associated with his defense." The trial judge reasoned that although Royal had not prevailed, it had a reasonable basis upon which to bring suit. In oral reasons for judgment, the trial court stated it found the incontestability clause precluded Royal from canceling the policy based on pre-existing conditions as alleged in the petition.
Both Royal and Montgomery have appealed. We reverse that part of the judgment granting Montgomery's motion for summary judgment and remand for further proceedings.

III. ANALYSIS

A. Summary Judgment
A motion for summary judgment is a procedural device used to avoid a full-scale trial where there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1st Cir. 6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. It should only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966.
Previously, our cases held that summary judgments were not favored and were to be used cautiously and sparingly. Any doubt was to be resolved against granting the motion and in favor of a trial on the merits. However, in 1996, the legislature amended La. C.C.P. art. 966 to overrule the presumption in favor of trial on the merits. Summary judgments are now favored, and the documents submitted by both parties are to be equally scrutinized. Berzas v. OXY USA, Inc., 29,835, pp. 4-5 (La.App.2d Cir. 9/24/97), 699 So.2d 1149, 1152; Hayes v. Autin, 96-287, p. 6 (La.App. 3d Cir. 12/26/96), 685 So.2d 691, 694, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41.
In 1997, by Act No. 483, the legislature again amended La. C.C.P. art. 966 to incorporate the federal summary judgment analysis. Hayes, 96-287, p. 7, 685 So.2d at 694. The 1997 amendment to La. C.C.P. art. 966 applies retroactively and is to be utilized by this court in assessing summary judgments granted prior to the effective date of the amendment. Morgan v. The Earnest Corp., 97-0869, p. 7 (La.App. 1st Cir. 11/7/97), 704 So.2d 272, 276, writ denied, 97-3031 (La.2/20/98), 709 So.2d 775. Under the amended version of La. C.C.P. art. 966, the initial burden continues to remain with the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, then the nonmoving party must produce factual support sufficient to satisfy his evidentiary burden at trial. La. C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. La. C.C.P. arts. 966 and 967; Berzas, 29,835 at pp. 7-8, 699 So.2d at 1153-1154.
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's determination of whether is appropriate. Sanders, 96-1751 at p. 7, 696 So.2d at 1035.

B. Rescission of an Insurance Contract Based upon a Material Misrepresentation With the Intent to Deceive
La. R.S. 22:619, dealing with misrepresentations with the intent to deceive in applying for insurance policies, provides in pertinent part:
A.... [N]o oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or void the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.

*925 B. In any application for ... health and accident insurance[4] made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer. Underlining and footnote added.
Based on this statutory language, an insurer can rescind a contract of insurance if the insurer establishes 1) the policy holder made a false statement in the insurance application which materially affects risk, and 2) the misrepresentation was made with an intent to deceive. Darby v. Safeco Ins. Co. of America, 545 So.2d 1022, 1025 (La.1989); Coleman v. Occidental Life Ins. Co. of North Carolina, 418 So.2d 645, 646 (La.1982); Breaux v. Bene, 95-1004, p. 4 (La.App. 1st Cir. 12/15/95), 664 So.2d 1377, 1380; Benton v. Shelter Mutual Ins. Co., 550 So.2d 832, 834-835 (La.App. 2d Cir.1989). Rescission of a policy is one method by which an insurance policy terminates; other methods are cancellation, expiration and nonrenewal. See W. McKenzie and H. Johnson, 15 Louisiana Civil Law Treatise, Insurance Law and Practice, § 223, pp. 479-480 (1996). When a policy is rescinded, it is invalidated from its inception. Holt v. Aetna Casualty & Surety Co., 28,450, p. 10 (La.App.2d Cir. 9/3/96), 680 So.2d 117, 126, writs denied, 96-2515, 96-2523 (La.12/6/96), 684 So.2d 937 and 938.

C. Cancellation of an Insurance Contract
La. Revised Statutes 22:636, which addresses the procedure for cancellation of insurance policies by the insurer, provides, in pertinent part, as follows:
A. Cancellation by the insurer of any policy which by its terms is cancellable (sic) at the option of the insurer, or of any binder based on such policy, may be effected as to any interest only upon compliance with either or both of the following:
(1)(a) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than twenty days prior to the effective date of the cancellation except where termination of coverage is for nonpayment of premium.
* * * * * *
E. This Section shall not apply to temporary life insurance binders nor to contracts of life or health and accident insurance which do not contain a provision for cancellation prior to the date to which premiums have been paid....
The purpose of notice of cancellation is to inform the insured of the imminent termination of the policy and to allow the insured adequate time to obtain other coverage. Funk v. Louisiana Underwriters Ins. Co., 613 So.2d 1018, 1021 (La.App. 3d Cir.), writ denied, 616 So.2d 705 (La.1993).

D. The Incontestability Clause
The general provisions of the disability policy includes the following language:
INCONTESTABLEThis Policy will be incontestable when it has been in force for two years after the Date of Issue during your lifetime. No claim for disability which begins more than two years after the Date of Issue will be reduced or denied on the grounds that a disease or physical condition not specifically excluded from coverage existed before the Date of Issue.
The policy's schedule of benefits identifies the "Date of Issue" as August 28, 1989.

E. The Parties' Contentions
Royal asserts it is not required to follow the cancellation procedures of La. R.S. 22:636(A) in order to rescind the policy. It points out that the policy is "non-cancelable" by its terms, and that even if La. R.S. 22:636 were generally applicable to its suit for rescission, *926 the application of § 636(E) results in § 636(A) being inapplicable.
Montgomery contends that Royal was required to comply with the notice requirements of La. R.S. 22:636(A) during the two-year contest period. Montgomery urges that the policy had not been validly cancelled as of two years after the Date of Issue, August 29, 1991, and thus, Royal's filing of suit on August 26, 1991, had no effect. In other words, Montgomery argues that Royal could not seek rescission of the policy unless it provided notice of cancellation to him at least twenty days prior to the date that the policy became incontestable.

F. Application of the Law
Based on the record before us, we find Montgomery has not established that there are no genuine issues as to material fact and that he is entitled to judgment as a matter of law. La. C.C.P. art. 966. The provisions of the incontestability clause were not triggered until August 29, 1991, two years after the policy was issued. Royal was not precluded from seeking rescission of the contract pursuant to La. R.S. 22:619 any time prior to that date. See Serie v. Safeway Ins. Co., 97-196, p. 2 (La.App. 3d Cir. 10/8/97), 702 So.2d 778, 779.
In Serie, a tort suit was brought against the named insured and an unlicensed child driver. The automobile liability insurer denied coverage on the basis that the named insured had failed to state in her application that her child was the owner and primary driver of the vehicle. The trial court found that the insurance company's agent testified that the defendant insurance company knew of the alleged material misrepresentation by the named insured and never cancelled the policy. In so finding, the trial court reasoned that the insurance company was estopped from denying coverage by failing to comply with La. R.S. 22:636. On appeal, the action of the trial court was reversed on the bases that La. R.S. 22:636 had been erroneously applied. The insurer urged that La. R.S. 22:636 was not applicable to the case, but that La. R.S. 22:619, which deals specifically with misrepresentations made in insurance applications, was applicable. The court of appeal agreed and independently reviewed the record to determine whether the insurer proved by a preponderance of the evidence that the named insured had made a material misrepresentation on the insurance application.[5]
We likewise find that La. R.S. 22:619 controls this dispute. The record before us reveals there are outstanding factual issues regarding 1) whether Montgomery made a false statement in the insurance application which materially affects risk, and 2) whether any misrepresentation made was done with an intent to deceive. Accordingly, we conclude that the trial court erred in granting Montgomery's motion for summary judgment, and reverse that part of the January 15, 1997 judgment.

G. Recovery of Attorney's Fees
On appeal, Montgomery seeks to have the trial court's May 16, 1995 award of attorney's fees reinstated and increased, and seeks additional attorney's fees for this appeal. The basis for his request is that Judge Landry properly awarded the attorney's fees as sanctions against Royal pursuant to La. C.C.P. 863. The test to determine whether to impose sanctions is not whether the court finds the arguments have merit, but whether there was the slightest justification for them. Tubbs v. Tubbs, 96-2095, p. 7 (La. App. 1st Cir. 9/19/97), 700 So.2d 941, 945. Since we find merit in the arguments advanced by Royal, there is obviously no basis for awarding attorney's fees to Montgomery as sanctions pursuant to La. C.C.P. 863. Thus, we affirm that part of the trial court's January 15, 1997 judgment denying Montgomery's claim for attorney's fees.

*927 IV. CONCLUSION
For the above reasons, that part of the January 15, 1997 judgment of the trial court granting Montgomery's motion for summary judgment is reversed, and that part of the judgment denying an award of attorney's fees to Montgomery is affirmed. This matter is remanded for further proceedings consistent with this opinion. Assessment of costs is to await a final determination of this matter.
REVERSED IN PART, AMENDED IN PART, AND REMANDED.
NOTES
[1] Although the petition alleges the policy was issued after August 29, 1989, the policy filed into the record by Royal establishes the date of issue as August 28, 1989.
[2] Judge Keogh later issued written reasons for judgment, stating Montgomery was not entitled to recover attorney's fees as sanctions. Upon discovering that Judge Landry had previously ruled on the matter, Judge Keogh ordered his written reasons for judgment to be "null, void and without effect."
[3] In that opinion, we noted that although Montgomery argued that Royal had not properly canceled the policy pursuant to La. R.S. 22:636, Montgomery had not addressed whether Royal's allegations set forth a cause of action for rescission of the contract pursuant to La. R.S. 22:619.
[4] La. R.S. 22:6(2) defines "health and accident" insurance as "[i]nsurance against bodily injury, disablement or death by accident and against disablement resulting from sickness and every insurance appertaining thereto."
[5] In determining that La. R.S. 22:636 was inapplicable to the case, the appellate court also stated there was no evidence that the insurance company knew of the fact that the child was an unlicensed driver prior to the accident, and therefore, the insurance company had no reason to have cancelled the policy prior to its knowledge of the alleged misrepresentation. We note that the record before us does not establish the date upon which Royal discovered the facts regarding Montgomery's medical history upon which it bases its claims regarding Montgomery's alleged misrepresentations. Accordingly, we do not know whether Royal could have asserted its claims against Montgomery on an earlier date.