ROLAND L. BELSOME, Judge.
| Appellant, Mr. Gary Freeman appeals the trial court’s granting of summary judgment in favor of Audubon Insurance Group (Audubon). The trial court found that Audubon had properly notified Mr. Freeman of the cancellation of his policy and thus no coverage was in place at the time of his property loss.
Audubon issued Mr. Freeman a homeowner’s policy on his residence at 1019-1021 North Dupre Street. The policy period was from August 21, 1998 to August 21, 1999. Audubon claims that the policy was cancelled on June 18, 1999 for nonpay *510 ment of premiums. On January 6, 2000, a fire destroyed the Dupre Street residence. Mr. Freeman seeks to have coverage provided for his loss because he did not receive notice of the policy cancellation as required by La. R.S. 22:626.
A summary judgment is properly granted when a review of the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact. La. C.C.P. Art. 966. A fact is considered material if it is essential to the success of the petitioner’s claim. On appeal the granting of a motion for summary judgment is reviewed de novo.
|2La. R.S. 22:636, referring to policy cancellation, provides in pertinent part:
A. Cancellation by the insurer of any policy which by its terms is cancelable at the option of the insurer, ..., may be effected as to any interest only upon compliance with either or both of the following:
(1)(a) Written notice of such cancellation must be actually delivered or mailed to the insured ... not less than thirty days prior to the effective date of the cancellation ....
(2) Like notice must also be so delivered or mailed to each mortgagee, ... or other known person shown by the policy to have an interest in any loss which may occur thereunder. For purposes of this Paragraph “delivered” includes electronic transmittal, facsimile, or personal delivery.
[[Image here]]
B. The mailing of any such notice shall be effected by depositing it in a sealed envelope directed to the addressee at his last address as known to the insurer or as shown by the insurer’s records, with proper prepaid postage affixed, in a letter depository of the United States Post Office....
C.The affidavit of the individual making or supervising such a mailing, shall constitute prima facie evidence of such facts of the mailing as are therein affirmed.
La. R.S. 22:636.1(F) describes sufficient notice for non-renewal as:
F. Proof of mailing of notice of ... intention not to renew ... to the named insured at the address shown in the policy, shall be sufficient proof of notice.
A strict reading of the statute would suggest that receipt of the notice is immaterial once evidence of the mailing has been provided. La. R.S. 22:636(C). However, given this Court’s recent opinion in Collins v. State Farm, 08-0790 (La.App. 4 Cir. 10/14/08), 997 So.2d 51, evidence of mailing can be rebutted by affirmative proof of non-delivery. In Collins, this Court reversed the trial court’s granting of summary judgment in favor of the insurer who provided evidence of its mailing of notice to non-renew the insured, Mr. Collins’, homeowner’s policy. Id. Mr. Collins opposed the summary judgment with sworn affidavits from himself and a representative of his mortgage company stating that the notice was not received. |S/A The insurer’s proof of mailing specifically listed the mortgage company as a recipient of the notice to non-renew. Id. This Court found that under the facts of the case, Mr. Collins had sufficiently rebutted the presumption of delivery to defeat the motion for summary judgment filed by the insurer. Id.
Applying the rational from Collins we are directed to consider the circumstances and evidence in support of non-delivery, even though proof of mailing was adequately established. The evidence presented in opposition to the motion for summary judgment in this case was the *511 deposition testimony of Mr. and Mrs. Freeman. In his deposition testimony, Mr. Freeman acknowledged that his home was not financed through a traditional mortgage and that he was responsible for securing insurance and paying the premiums. Furthermore, he confirmed that he received a refund cheek for the unused portion of his premium, but he did not know what it was for and did not inquire about its purpose. He also said that even though his lender’s name and address was on the cancellation notice Audubon claimed to have mailed, his lender did not receive notice of the cancellation either. However, there is nothing further in the record to support that assertion.
The record reveals the following: the policy period was August 21, 1998-August 21, 1999; the policy was cancelled on June 18, 1999 due to nonpayment of the premium; the unused portion of the premium for the policy was refunded shortly after the June 18, 1999 cancellation; and Mr. Freeman’s loss occurred on January 6, 2000. Additionally, it is uncontested that the payment of the insurance premiums was undertaken by Mr. Freeman, not a third-party. We find the facts and evidence presented in this case to be distinguishable from those of Collins. Thus, we cannot find that the trial court erred in its ruling. Accordingly, the trial court’s |4granting of summary judgment in favor of Audubon Insurance Group is hereby affirmed.
AFFIRMED.
JONES, J., concurs with reasons.
JONES, J., concurs with reasons.
Iil respectfully concur with the majority. To make it clear, a copy of Audubon Insurance’s notice of cancellation was mailed to the Appellant, Gary Freeman, as well as to his mortgage company. Thus, he was on notice of impending cancellation of coverage.