PETTIGREW, J.
Lin this matter, plaintiff challenges the trial court’s grant of summary judgment in favor of his homeowner’s insurer and dismissing his claim for coverage. For the reasons that follow, we hereby vacate and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
On August 28, 2009, Manh An Bui, plaintiff herein, filed the instant litigation in the 19th Judicial District for the Parish of East Baton Rouge claiming that his home and residence located at 1173 Sher *657 wood Forest Boulevard, Baton Rouge, Louisiana, was damaged as a result of Hurricane Gustav, which impacted south Louisiana on or about August 29, 2008. Mr. Bui also alleged that Farmers Insurance Exchange (“Farmers”), defendant herein, was the underwriter of a policy of homeowner’s insurance covering the aforementioned residence. Despite timely notice and adequate proof of claim, Mr. Bui alleged Farmers arbitrarily and capriciously failed to pay for damage sustained to his residence as a result of Hurricane Gustav.
Mr. Bui further alleged that although Farmers purportedly cancelled his homeowner’s policy in June of 2008, on the grounds that he failed to maintain the premises, Farmers arbitrarily and capriciously failed to refund his unearned premium until August 2009.
On October 9, 2009, Farmers filed an answer denying all of the allegations of Mr. Bui’s petition. Farmers further alleged that Mr. Bui’s “policy was cancelled and his premium refunded as provided for in Louisiana law.”
On March 15, 2010, Farmers filed a motion for summary judgment on the grounds that Mr. Bui’s homeowner’s policy had been cancelled prior to the hurricane. In support of its motion, Farmers also filed a memorandum and attached the following exhibits: an affidavit of Cheryl Jordan, Record Management Coordinator with Farmers; a copy of the Notice of Cancellation, effective August 8, 2008; a proof of mailing for said Notice; together with a complete copy of the Farmers’ policy that was issued to Mr. Bui.
Mr. Bui responded by filing on May 7, 2010, a memorandum in opposition to Farmers’ motion for summary judgment. In an affidavit attached thereto, Mr. Bui attested |sto the fact that on or about September 1, 2008, his residence was damaged as a result of Hurricane Gustav, and his residence was in the same, or substantially the same, condition, from May 19, 2008 through Oct. 31, 2008. Mr. Bui further attested to the fact that he did not receive any notice, either written or oral, that his homeowner’s policy was being can-celled prior to September 1, 2008. Mr. Bui stated that he continued to remit premiums to Farmers as required by the policy through September 8, 2008 and beyond, and that he did not receive a refund for premiums paid under the policy prior to September 1, 2008.
According to his affidavit, Mr. Bui, his wife, Van Pham, and his three children, Michelle Bui, age 13, Matthew Bui, age 7, and Madison Bui, age 3, were the only occupants of the residence from May 19, 2008, through September 1, 2008, and to the best of Mr. Burs knowledge, none of these persons received any notice of cancellation regarding the homeowner’s policy issued by Farmers.
Mr. Bui also attached an affidavit of his wife, Van Pham, who attested to the same facts — that she resided at the insured premises from May 19, 2008 through Oct. 31, 2008; that she did not receive any notice, either written or oral, that the homeowner’s policy was being cancelled prior to September 1, 2008; that the residence was damaged on September 1, 2008, as a result of Hurricane Gustav; that the residence was in the same, or substantially the same condition, from May 19, 2008 through Oct. 31, 2008; that her husband, Mr. Bui, and their three children, Michelle Bui, age 13, Matthew Bui, age 7, and Madison Bui, age 3, were the only occupants of the residence from May 19, 2008, through September 1, 2008, and to the best of Mrs. Pham’s knowledge, none of these persons received any notice of cancellation regarding the homeowner’s policy issued by Farmers.
*658 In response to Mr. Burs opposition to its previously filed motion for summary judgment, Farmers filed a reply memorandum on May 13, 2010, and attached as additional exhibits, a second affidavit executed by Cheryl Jordan, together with attachments to said affidavit, as well as a second copy of an endorsement attached to Mr. Burs policy, which had previously been provided in connection with the filing of Farmers’ [^motion for summary judgment. In its reply memorandum, Farmers’ contended that pursuant to the terms of its policy, Mr. Bui’s homeowner’s coverage was subject to cancellation for any reason if said policy had been in effect for less than sixty days at the time of cancellation.
On May 14, 2010, Mr. Bui obtained leave of court to file a supplemental and amending memorandum in opposition to Farmers’ motion for summary judgment. Mr. Bui amended his original memorandum and affidavit to state that he only made one payment to Farmers for six-months of homeowner’s coverage, and that despite receiving payment, Farmers did not issue a pro-rated refund upon its alleged cancellation of the policy. Mr. Bui claimed that because he did not receive a notice of cancellation, or a pro-rated refund of his homeowner’s premium, he believed he still had an effective homeowner’s insurance policy. Mr. Bui also moved for a continuance of the hearing on Farmers’ motion for summary judgment on the ground that two business days before the hearing on its motion, Farmers shifted its argument to a completely new clause in the insurance policy in dispute and asserted new grounds in support of its motion for summary judgment.
On May 17, 2010, a hearing was held on Mr. Burs motion for a continuance and Farmers’ motion for summary judgment. The trial court denied Mr. Burs motion for a continuance on the grounds that Farmers had previously submitted a copy of its entire policy in connection with its original motion for summary judgment. After hearing argument on Farmers’ motion for summary judgment, the trial court assigned oral reasons and granted Farmers’ motion for summary judgment. A judgment in accordance with the trial court’s ruling and dismissal of Mr. Bui’s suit was signed on June 1, 2010. From this judgment, Mr. Bui has taken the instant appeal.
ISSUES PRESENTED FOR REVIEW
In connection with his appeal in this matter, Mr. Bui has raised the following issues for consideration by this court:
1. Can a trial judge grant summary judgment on a cancellation of insurance case where affidavits in the record back the insured’s assertion that he never received a cancellation notice prior to his loss?
|fi2. Does a homeowner’s carrier act in bad faith in cancelling coverage for one alleged reason, which reason is shown on its notice of cancellation, and then, after suit is filed, defend its cancellation on another reason not shown on the notice of cancellation?
3. Can a trial judge grant summary judgment on a claim for penalties and attorney fees regarding an untimely refund of unearned premium claim, where the record contains affidavits showing that the insured did not receive any refund or premium prior to the loss he sustained some sixty-plus days after the alleged cancellation?
STANDARD OF REVIEW
A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact. Johnson v. Evan Hall Sug *659 ar Coop, Inc., 2001-2956, p. 3 (La.App. 1 Cir. 12/30/02), 836 So.2d 484, 486. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B). Summary judgment is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ. P. art. 966(A)(2); Thomas v. Fina Oil and Chemical Co., 2002-0338, pp. 4-5 (La. App. 1 Cir. 2/14/03), 845 So.2d 498, 501-502.
On a motion for summary judgment, the burden of proof is on the mover. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require that all essential elements of the adverse party’s claim, action, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to- satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La.Code Civ. P. art. 966(C)(2); Robles v. ExxonMobile, 2002-0854, p. 4 (La.App. 1 Cir. 3/28/03), 844 So.2d 339, 341.
| fiIn determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Allen v. State ex rel. Ernest N. Morial New Orleans Exhibition Hall Authority, 2002-1072, p. 5 (La.4/9/03), 842 So.2d 373, 377. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Foreman v. Danos and Curole Marine Contractors, Inc., 97-2038, p. 7 (La.App. 1 Cir. 9/25/98), 722 So.2d 1, 4, writ denied, 98-2703 (La.12/18/98), 734 So.2d 637.
DISCUSSION
Louisiana law provides that the cancellation of insurance policies by an insurer is governed by La. R.S. 22:887 (formerly La. R.S. 22:636)[1] which provides, in pertinent part, as follows:
A. Cancellation by the insurer of any policy which by its terms is cancella-ble at the option of the insurer, or of any binder based on such policy, may be effected as to any interest only upon compliance with either or both of the following:
(l)(a) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than thirty days *660 prior to the effective date of the cancellation except when termination of coverage is for nonpayment of premium.
[[Image here]]
C. The affidavit of the individual making or supervising such a mailing shall constitute prima facie evidence of such facts of the mailing as are therein affirmed.
|7Our supreme court has noted that “[t]he purpose of notice of cancellation is to make known to the insured that his policy is being terminated and to afford him sufficient time to obtain other insurance protection.” Broadway v. All-Star Insurance Corporation, 285 So.2d 536, 539 (La.1973). This precept has become strong public policy requiring prior notice of the cancellation of an insurance policy in order that an insured might be afforded sufficient time to obtain new coverage. Collins v. State Farm Insurance Company, 2008-0790, p. 10 (La.App. 4 Cir. 10/14/08), 997 So.2d 51, 57, writ denied, 2008-3012 (La.2/20/09), 1 So.3d 499, citing Rachuba v. Hickerson, 503 So.2d 570, 571 (La.App. 4 Cir.1987).
In its opinion in Broadway, the supreme court noted the language “mailed to the insured” that appears in La. R.S. 22:887 A(l)(a),(formerly La. R.S. 22:636), “connotes a completed process, the transmission of the notice through the United States mails.” Broadway, 285 So.2d at 539. The court went on to hold that “[a]n interpretation which permits a deposit in the mails to conclusively terminate coverage undermines the purpose of the notice.” Id.
Our supreme court in Broadway, reiterated its earlier holding in Skipper v. Federal Insurance Co., 238 La. 779, 116 So.2d 520 (1959), that proof of the deposit in the mails creates only a prima facie presumption of delivery under La. R.S. 22:636 (currently La. R.S. 22:887). Broadway, 285 So.2d at 539. Recalling its holding in Cuccia v. Allstate Insurance Company, 262 La. 545, 263 So.2d 884 (1972), the court stated that the mailing of a notice of cancellation to an insured only created a re-buttable presumption that could be rebutted by proof of non-delivery. Broadway, 285 So.2d at 539-540.
It is apparent that Farmers presented prima facie evidence in accordance with the statute to show that the cancellation notice was mailed to Mr. Bui according to the requirements of the law. Farmers further urges application of the holding of Freeman v. Audubon Insurance Group, 2008-0856, pp. 2-3 (La.App. 4 Cir. 4/1/09), 11 So.3d 509, 510-511, writ denied, 2009-0987 (La.6/19/09), 10 So.3d 743, wherein the Fourth Circuit held that an insurer properly notified its insured of its cancellation of insured’s homeowner’s policy, despite insured’s contention that he never received notice oflRcancellation. The court found the facts to be distinguishable from its earlier decision in Collins, based upon the insured’s acknowledgement that he was responsible for the payment of premiums, and that he received a refund of the unused portion of his premium shortly after the date of cancellation. We find Freeman to be inapposite.
Mr. Bui opposed the motion for summary judgment with sworn affidavits executed by himself and his wife attesting to the fact that neither had received notice, either oral or written, of Farmer’s cancellation of Mr. Bui’s homeowner’s policy. Additionally, Mr. Bui attested to the fact that he did not receive a refund for premiums paid under the policy prior to the date of loss.
In deciding a motion for summary judgment, the court cannot make credibility determinations and must assume that all of *661 the affiants are credible. Cate Street Investments, L.L.C. v. American Central Insurance Company, 2003-2760, p. 10 (La. App. 1 Cir. 6/25/04), 897 So.2d 13, 18, citing Hutchinson v. Knights of Columbus, Council No. 5747, 2003-1533, p. 8 (La.2/20/04), 866 So.2d 228, 234. Inasmuch as summary judgments deprive the litigants of the opportunity to present their evidence to a jury, they should be granted only when the evidence presented at the motion for summary judgment establishes that there is no genuine issue of material fact in dispute. Cate Street Investments, 2003-2760 at pp. 10-11, 897 So.2d at 18, citing Williams v. Storms, 01-2820, p. 10 (La.App. 1 Cir. 11/8/02), 835 So.2d 755, 763. As this matter presents credibility determinations that cannot be resolved on a motion for summary judgment, the trial court erred in its grant of summary judgment.
CONCLUSION
For the above and foregoing reasons, we hereby reverse the trial court’s grant of summary judgment and remand this matter to the trial court for further proceedings consistent with this opinion. All costs associated with this appeal shall be assessed against Farmers.
REVERSED AND REMANDED.
McCLENDON, J., concurs and assigns reasons.
KUHN, J., dissents with reasons.

. Pursuant to Acts 2008, No. 415, § 1, the Louisiana State Law Institute was directed to redesignate the provisions of Title 22, formerly comprised of R.S. 22:1 to 22:3311, into a new format and numbering scheme comprised of R.S. 22:1 to 22:2371, without changing the substance of the provisions.
Section 2 of Act 415 directed the Law Institute to change any citations, Chapters, Parts, Subparts, or other references contained in the existing provisions of Title 22 of the Louisiana Revised Statutes of 1950 or in any other Title or Code of the Revised Statutes to reflect the new citations, Chapters, Parts, Subparts, or other references found in Act 415.
Section 3 of Act 415 provided that the changes brought about by the Act would become effective on January 1, 2009.